[No. 3,704.]

# WM. J. DOUGLAS AND CHRISTOPHER HUTCHINSON v. E. DAKIN AND J. G. LIBBEY.

APPEAL FROM A JUDGMENT WITHOUT A STATEMENT. — On an appeal from a judgment, where there is no bill of exceptions or statement, the Supreme Court will not consider the action of the Court below upon a motion to strike out part of a pleading, or any other matter not appearing in the judgment roll.

IDENTITY OF PARTIES PRESUMED FROM IDENTITY OF NAMES. — Where William J. Douglas was plaintiff in an action for rent, and the defendant set up a judgment obtained in another Court against William J. Douglas without averring the identity: *held*, that the identity of the parties is to be presumed from the identity of names.

AMBIGUITY AND UNCERTAINTY IN PLEADING. — An answer, in an action against a tenant for unlawful detainer, which avers that a person, not a party to a suit, had formerly brought an action to quiet title to the demanded premises, and that such person was at the time in the actual possession of the premises, claiming title in fee thereto, is not ambiguous or uncertain.

APPEAL from the County Court of the City and County of San Francisco.

William J. Douglas and Christopher Hutchinson brought this action, on the 22d day of August, 1872, against E. Dakin and J. G. Libbey, for unlawfully holding premises which they had leased from the plaintiffs, after rent fell due and demand had been made for its payment. The defendants, in their answer, deny the allegations of the complaint, and set up several defenses. In their third defense they aver that in November, 1871, while they were in possession of the property in suit as tenants of William J. Douglas and his wife, the City and County of San Francisco recovered a

CAL. REPS. XLVI—7

judgment in the Fourth District Court against aforesaid lessors, under which the premises were sold, and, upon demand of the purchaser, the defendants had ceased to attorn to the Douglases and had attorned to the purchaser at the Sheriff's sale. In the fourth subdivision of their answer, the defendants aver that in March, 1868, Elizabeth Douglas commenced an action in the Fourth District Court against the City and County of San Francisco to quiet her title to the lot in suit, being at the time in actual possession, and claiming title in fee as her separate estate; that the defendant in that action answered, and by cross complaint claimed title in fee, and demanded judgment for the possession; that in December, 1869, judgment was rendered for the said defendant, which, on appeal to the Supreme Court, was affirmed in May, 1872, and in July following the possession was restored to the city and county, and that the defendants in this action are now in possession as tenants of the city and county, and not otherwise. The plaintiffs moved to strike out the third and fourth subdivisions of the answer as redundant matter, and the motion was denied. They also demurred to them as ambiguous and uncertain. The demurrer was overruled; the cause was tried and judgment rendered for the defendants on the 16th day of September, 1872.

The plaintiffs appealed from the judgment, without a statement or bill of exceptions.

*John Wilson,* for Appellants.

A statement is not necessary to enable the Court to review the action of the Court below on a motion to strike out portions of a pleading. Only the pleading and notice of motion are necessary, with the Clerk's indorsement that the notice and grounds were read on the motion.

The third defense is ambiguous and uncertain, as there is no allegation that the plaintiff is the William J. Douglas

mentioned in the answer in connection with the judgment in the Fourth District Court.

The fourth defense is ambiguous and uncertain, in that it alleges that Elizabeth Douglas claimed title in fee as her separate estate, without stating whether she was a married woman when she commenced the action.

*Hunt & Rising,* for Respondents.

This is an appeal from the judgment, and the Court can only look at so much of the record as constitutes the judgment roll.    (*Harper* v. *Minor,* 27 Cal. 109; Pr. Act, Sec. 203; *McAbee* v. *Randall,* 41 Cal. 136.)    The notice of motion to strike out portions of the answer, the motion for judgment and the orders thereon, are no part of the judgment roll. As to the allegation concerning the identity of Douglas, see *Thompson* v. *Manrow,* 1 Cal. 428.

By the COURT:

This appeal being from the judgment, and there being no bill of exceptions or statement on appeal, we cannot consider the motion of plaintiff to strike out portions of the answer, or the motion for judgment, or the rulings or orders made thereon.    The case must be determined upon the judgment roll alone.

The demurrer was properly overruled.    Prima facie the W. J. Douglas named in the answer was the W. J. Douglas who is plaintiff in this action.    The identity of the parties will be presumed from the identity of names.

Whatever may be the value of the fourth subdivision of the answer as a defense to the action, it is not subject to the charge of ambiguity or uncertainty.    The averment that at the date of the commencement of the suit by Elizabeth Douglas against the City and County of San Francisco to quiet her title to the land in controversy, she was in the

actual possession of the premises, claiming title in fee thereto as her separate estate, clearly shows her right to institute those proceedings. If she was in no way in privity of possession or title with the plaintiffs in the present action, the proceedings and judgment in her suit against the City and County of San Francisco would perhaps be irrelevant and immaterial, and this portion of the answer subject to be stricken out on motion, or to a demurrer upon the ground that it did not state a defense. But no such demurrer was interposed, and as we have said, the motion to strike out cannot be considered.

We discover no error in the judgment roll.

Judgment affirmed.