[No. 5575.]

## WILLIAM J. STODDART v. SUSAN R. BURGE.

APPEAL FROM ORDER DISMISSING CROSS-COMPLAINT.—An order dismissing a cross-complaint and directing a judgment for the plaintiff cannot be reviewed on an appeal from the judgment, in the absence of a bill of exceptions or statement on appeal.

PLEADING—COMPLAINT IN ACTION TO QUIET TITLE.—In an action brought under sec. 738 of the Code of Civil Procedure, to determine an adverse claim to real property, it is not essential that the complaint should aver the plaintiff to be the owner in fee; and it will be sufficient if it appears that the plaintiff claims an interest in the land, and that the defendant asserts a claim of title adverse to the plaintiff's claim.

SAME—DEED ABSOLUTE IN FORM.—In such an action, when the plaintiff claims under a deed from the defendant absolute in form, it is not bad pleading to state that fact in the complaint.

SAME—BURDEN OF PROOF.—In such a case, if the answer admits the execution and delivery of the deed, but avers that it was intended as a mortgage, the burden of proof is on the defendant to establish that fact.

SAME—DEFAULT OF DEFENDANT.—And if the defendant fails to appear at the trial, the Court may properly enter a judgment for the plaintiff, for want of evidence to support the answer.

SAME—MISNOMER.—In such a case, it is a misnomer to designate the judgment as a judgment on the pleadings; but, having been properly entered, it will not be disturbed because it is called by a wrong name.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was brought to quiet the title to a certain lot in San Francisco. The complaint averred ownership in fee and possession in the plaintiff, and also alleged that the property was conveyed to the plaintiff by the defendant and her deceased husband.

The answer denied the averment with respect to the ownership in fee; and in reference to the averment as to the deed, alleged that the conveyance was simply a mortgage to secure the payment of money advanced to defendant's husband. It further stated that the possession was taken by the plaintiff under an agreement to apply the rents and profits of the premises to the payment of this indebtedness. It also contained a cross-complaint, showing that the conveyance was executed by the defendant under the compulsion of her husband, who was habitually intoxicated and violent, and under the representation and belief that it was not a deed absolute on its face, but a mortgage both in form and substance.

As to the cross-complaint, the following order was made: "This cause being regularly called for trial, and no one appearing for the defendant, on motion of Mr. Clarke, counsel for plaintiff: It is ordered that the cross-complaint of the defendant be

dismissed, and that judgment be entered in favor of plaintiff, in accordance with the prayer of the complaint."

The following is the substance of the recital in the decree, referred to in the opinion: "The plaintiff being ready for trial, and no one appearing on behalf of defendant Susan R. Burge, on motion of plaintiff's attorney the said cross-complaint was dismissed; and thereupon the attorney for plaintiff moved for judgment in his favor on the pleadings, and the Court having heard and sufficiently considered the same, sustained and granted said motion. It is therefore now ordered," etc.

Subsequently, upon affidavits, defendant moved to set aside the order dismissing the cross-complaint and also the decree, but the Court declined to grant the motion.

*H. E. Highton* and *Geo. R. B. Hayes*, for Appellant.

The averment in the complaint of the execution of the deed by the appellant and her husband, and the answer thereto, were equally immaterial. (*Canfield* v. *Tobias*, 21 Cal. 349, 350; *Racouillat* v. *René*, 32 Cal. 455, 456.)

The answer denies squarely that the respondent is the owner in fee of the premises described in the complaint. This denial raises a distinct issue, which is in no way affected by the subsequent explanation of the immaterial matter in the complaint.

A material allegation in the complaint having been thus controverted by the answer, the cause was ripe for trial, and all the respondent could do, in the absence of the appellant and his attorney, was to "proceed with his case, and take" * * * "a verdict or judgment," as might be appropriate. (Code of Civil Procedure, pp. 590, 594.)

A trial is "the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue." Here not a witness was examined, and there was no pretense of a trial. (*Anderson* v. *Pennie*, 32 Cal. 267.)

A motion for judgment on the pleadings admits the denials and allegations contained in the answer, but asserts their insufficiency to constitute a defense. In this cause the answer raised a substantial issue and contained a cross-complaint, the facts

averred in which, if true, entitled the appellant to affirmative relief. The motion for judgment, therefore, was improperly granted. (*Nudd* v. *Thompson*, 34 Cal. 46, 47; *Felch* v. *Beaudry*, 40 Cal. 443.)

*H. K. W. Clark, Levison & Levison,* for Respondent.

The first appeal in this cause, taken July 19th, 1876, is from an order made on the 21st day of April, 1876, denying defendant's motion to vacate and set aside an order dismissing the defendant's cross-complaint directing judgment, etc., and is taken more than sixty days after the order was made, and is not within the time prescribed by law. (Code of Civil Procedure, sec. 939.)

The second appeal was taken September 13th, 1876, from the judgment which was rendered August 18th, 1875, and decree filed August 18th, 1875, and was not taken within a year after rendition or entry of the judgment. (Code of Civil Procedure, sec. 939.)

The second appeal is an appeal from the judgment, and on this appeal the action of the Court in dismissing defendant's cross-complaint, and ordering judgment, cannot be reviewed, there being no bill of exceptions or statement on appeal. In *Douglas* v. *Dakin*, 46 Cal. 67, the Court says: "This appeal being from the judgment, and there being no bill of exceptions or statement on appeal, we cannot consider the motion of plaintiff to strike out portions of the answer on the motion for judgment, or the rulings or orders made thereon. The case must be determined upon the judgment alone." In *Nevada and Sacramento Canal Co.* 43 Cal. 184, the Court says: "That an order striking out a portion of a pleading may be reviewed here on appeal from the judgment, is true; but it is no less true that such an order, being in itself no part of the judgment-roll, (Practice Act, sec. 203; Code of Civil Procedure, sec. 670) cannot be so reviewed, except it be supported by a statement on appeal, and here there is none." (*Harper* v. *Minor*, 27 Cal. 108; *Sutter* v. *San Francisco*, 36 Cal. 112; *McAbee* v. *Randall*, 41 Cal. 136.)

The complaint and answer warrant the judgment found. Want of recitals in a judgment does not affect its validity. (*Green* v. *Swift*, 50 Cal. 455.)

By the Court, CROCKETT, J.:

The appeal from the order denying the motion to vacate the order dismissing the cross-complaint, and to set aside the judgment, was not taken in time, and is therefore dismissed. Nor can the order dismissing the cross-complaint, and directing a judgment to be entered for the plaintiff, be reviewed on the appeal from the judgment, in the absence of a bill of exceptions or statement on appeal. (*Douglas* v. *Dakin*, 46 Cal. 49.)

It appears, however, from a recital in the judgment, that the cause was regularly called for trial, and the defendant failed to appear, whereupon the cross-complaint was dismissed; and thereupon, on motion of the plaintiff, a judgment was rendered in favor of the plaintiff *on the pleadings*. It is contended for the defendant that the judgment, rendered without proof, cannot be supported, because several material averments of the complaint were denied by the answer. Assuming, for the purposes of this decision, that the recitals in the judgment to the effect that the defendant failed to appear at the trial, and thereupon, the order sustaining the motion of the plaintiff for judgment on the pleadings, was made, constitute a material part of the judgment, and can be considered on an appeal from the judgment, we are, nevertheless, of opinion that the judgment for the plaintiff was properly rendered, and ought not to be disturbed.

The action is brought under sec. 738 of the Code of Civil Procedure, which provides that: "An action may be brought by any person against another who claims an estate or interest in real property *adverse to him*, for the purpose of determining such adverse claim." The complaint, after averring that the plaintiff is the owner in fee of the premises, proceeds to state how he acquired his right, to wit, by a deed from the defendant and her husband; and, after alleging the death of the husband, avers that, "notwithstanding the ownership of plaintiff, and the execution of said deed as aforesaid, [the defendant] sets up and claims still

some estate or interest in said property above described, adversely to the plaintiff."

The statute evidently contemplates that whether the plaintiff be the owner in fee or not, if the defendant claims an interest adversely to his right or title, such as it is, he is entitled, in an action of this character, to have the adverse claim determined. In this view of the statute, we see no reason why the plaintiff may not state in the complaint the nature of his right or title, against which the defendant asserts an adverse claim. The answer in this case denies that the plaintiff is the owner in fee, and then proceeds to aver that the " deed " under which the plaintiff claims was intended as a mortgage. The answer does not deny that the deed was, in form, an absolute conveyance, but, as we understand it, admits that fact, and rests the defense solely on the ground that it was intended as a mortgage. This was an affirmative allegation, the burden of proving which was on the defendant; and as she failed to appear at the trial, and to offer evidence in support of the answer, judgment was properly rendered for the plaintiff. It was a misnomer to term it a judgment on the pleadings, when it was, in fact, a judgment for want of evidence on the part of the defendant, to support the affirmative defense set up in the answer. But the judgment being proper, it will not be disturbed because it was called by a wrong name.

Judgment affirmed.