[In Bank—June 6, 1883.]

### JAMES STRATHERN, Appellant, v. EDWARD DAKIN et al., Respondents.

Motion for a New Trial—Order of Dismissal—Review on Appeal.—An order dismissing a motion for a new trial cannot be reviewed on appeal in the absence of a statement or bill of exceptions containing the papers on which the order was made.   The papers are not of themselves a part of the record.

Order Refusing to Strike out Parts of a Pleading—How Reviewed.—Such an order may be reviewed on appeal from the judgment, but the motion and order must be incorporated in a statement or bill of exceptions.

Appeal from a judgment of the District Court of the Twelfth Judicial District, and from an order dismissing a motion for a new trial.

The facts are stated in the opinion of the court.

*W. H. Allen,* for Appellant.

*G. F. & W. H. Sharp,* and *E. G. Knapp,* for Respondents.

This court will not review the order of the court below dismissing and denying plaintiff's motion for a new trial in the absence of a statement settled by the judge. (*Hoadley* v. *Crow*, 22 Cal. 265; *Wetherbee* v. *Carroll*, 33 Cal. 549, 555.)

The order denying plaintiff's motion to strike out portions of the answer will not be reviewed without a bill of exceptions. (40 Cal. 236; 41 Cal. 437; 43 Cal. 180; 31 Cal. 238; 28 Cal. 295.)

McKEE, J. — Judgment was given and entered for the defendants in this case on November 14, 1879. Within ten days after the entry of the same the plaintiff gave notice of his intention to move for a new trial upon the grounds of insufficiency of the evidence to justify the decision, and errors of law occurring at the trial. The notice designated that the motion would be heard on "a proposed statement to be served with the notice." It appears that a statement was settled December 31, 1879; but the plaintiff, claiming that the settlement had not been made according to law, gave notice of a motion based on an affidavit, for a resettlement of the statement. That motion was heard and denied. Meanwhile the defendants gave notice of a motion to dismiss the plaintiff's motion for a new trial upon the ground, among others, that the court had settled the statement and ordered it to be engrossed by the plaintiff, as the moving party, and that he had wilfully disobeyed the order. This motion was heard and granted; and from the order of dismissal and the judgment the plaintiff appeals.

In the transcript there is no bill of exceptions, no statement on appeal, and no papers identifiable as the papers used on the hearing of the motion to dismiss. That being the condition of the record, the validity and regularity of the order of dismissal is not reviewable on appeal. The presumption is that the order was properly made, and in the absence of a bill of exceptions or statement on appeal making the motion and order part of the record of the case, that presumption is conclusive. (*Nash* v. *Harris*, 57 Cal. 242.)

On the appeal from the judgment the errors assigned are: "That the court denied a motion made by the plaintiff to strike out parts of the defendants' answer, and also overruled a

demurrer to the answer." But the motion and order denying the motion are no part of the judgment roll, and, as the appellant has not made them part of the record by bill of exceptions or statement on appeal, the ruling of the court is not reviewable on an appeal on the judgment roll. (*Abbott* v. *Douglass*, 28 Cal. 295; *Douglas* v. *Dakin*, 46 Cal. 49.)

The demurrer and order thereon *are* parts of the judgment roll; but we see no prejudicial error in overruling the demurrer. The several defenses as pleaded were sufficient to sustain the judgment.

Judgment and order affirmed.

Ross, J., McKINSTRY, J., MYRICK, J., and SHARPSTEIN, J., concurred.