[No. 12731. In Bank. — March 9, 1889.]

JOHN S. CLELAND, APPELLANT, *v.* J. M. WALBRIDGE, RESPONDENT.

REVIEW OF ORDER STRIKING OUT AMENDED COMPLAINT.— An order striking out an amended complaint is not itself appealable, but may be reviewed on appeal from the final judgment.

ID.— RECORD ON SUCH APPEAL. — To present such an order for review, there must be a bill of exceptions. A mere mark by the judge upon certain papers, showing that they were read on the motion to strike out, is not sufficient.

ID. — PRESUMPTION IN SUPPORT OF THE ACTION OF THE COURT BELOW. — If
the final judgment shows that the last amended complaint was stricken
out, but does not show on what ground, it will be presumed that if it
could have been done on any legal ground, such ground existed, and con-
sequently that the action of the court was proper.

APPEAL from a judgment of the Superior Court of
Siskiyou County.

The facts are stated in the opinion.

*E. H. Wakeman,* and *J. S. Beard,* for Appellant.

*H. B. Warren, A. L. Hart,* and *H. B. Gillis,* for Re-
spondent.

HAYNE, C. — In this case, the defendant's demurrer
to an amended complaint was sustained.    The learned
judge filed a document, which is really an opinion and
order sustaining the demurrer, but which the parties
have called a "judgment."    Subsequently a second
amended complaint was filed, and the defendant filed a
demurrer thereto.    Apparently no action was taken on
this demurrer.    Nearly three years afterward the plain-
tiff obtained leave to file a third amended complaint.
The defendant moved to strike out this last complaint,
and the court granted the motion, and ordered judgment
for the defendant, which was entered.    The plaintiff ap-
peals from this judgment.

It is to be surmised from some papers printed in the
transcript that this motion was made and granted upon
the ground that the third amended complaint was the
same in substance as the one to which a demurrer was
sustained.    But the papers referred to are not incorpo-
rated in a bill of exceptions, but are simply marked by
the judge as having been read on the hearing of the mo-
tion.    This is not sufficient.    The order striking out the
complaint was not itself appealable, but was reviewable
on appeal from the judgment.    (*Swain* v. *Burnette,* 76 Cal.
299.)    And in such case there must be a bill of excep-

tions. (*Strathern* v. *Dakin*, 63 Cal. 478; and cases cited in section 262 of Hayne on New Trial and Appeal.)

It is true that the judgment recites that a motion to strike out the third amended complaint was made and granted, and that by reason of the law and of said order judgment was given for the defendant. This recital sufficiently informs the appellate court that the complaint was stricken out, and that therefore judgment was entered in favor of the defendant. But it does not show why the pleading was stricken out, or upon what showing; and it must be presumed in support of the judgment that it was properly done, in the absence of a showing to the contrary.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.