[S. F. No. 1584. Department One.—May 7, 1900.]

In the Matter of the Estate of JAMES WILLIAMS, Deceased. MARK H. WOOLSEY, Executor, etc., Appellant, v. AR-VILLA S. WILLIAMS et al., Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—HEIRSHIP—EVIDENCE OF PEDIGREE—DECLARATIONS OF DECEASED BROTHERS OF TESTATOR—PROOF OF FAMILY RELATION.—The declarations of the deceased brother of the testator are admissible upon the question of heirship of his estate arising upon distribution thereof, where there is other evidence to connect the declarant with the family of the testator, regardless of whether the rule of the common law requiring such other evidence has or has not been changed by sections 1852 and 1870 of the Code of Civil Procedure.

ID.—BROTHER NAMED IN WILL—IDENTITY OF PERSON—PRESUMPTION—WILL AS PROOF—BURDEN OF PROOF.—The identity of the person of the deceased declarant, whose declarations were admitted in evidence, with the brother of the deceased testator named in the will, is presumed from the identity of name; and the will itself is sufficient evidence that the brother named in the will was a member of the family of the deceased testator. The presumption arising from the identity of name is rebuttable, but is sufficient to shift the burden of proof of the contrary upon the other side.

ID.—INHERITANCE UNDER WILL—DEATH OF BROTHER WITHOUT ISSUE—DECLARATIONS OF ANOTHER DECEASED BROTHER.—Where the will of the testator gave the property to two brothers named therein, the death of one brother named in the will without issue prior to the death of the testator is sufficiently proved by declarations of the other deceased brother named in the will, whose children are claiming distribution of the estate, showing the family understanding and belief that such other brother enlisted in the army on the Federal side in the Civil War when a boy, and was believed to have been killed in the war before the death of the testator, and that he was never married. Such evidence is sufficient to sustain the finding of the court in favor of the children as entitled to distribution of the estate.

APPEAL from an order of distribution of the estate of a deceased person made in the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion.

A. Boyer, for Appellant

O. P. Evans, for Respondents.

HAYNES, C.—Appeal from an order of distribution. James Williams died testate at the city and county of San Francisco, March 1, 1897, and his will was admitted to probate March 15, 1897, and letters testamentary were granted to appellant. Said will was made at San Francisco February 28, 1897, in which, after some special bequests, the testator's brothers, George Williams and William Frederick Williams, were made residuary legatees.

The final account of the executor having been filed and settled, Clifford Oswin Williams and Frederick Percy Williams, a minor, by his guardian Arvilla S. Williams, filed their petition for final distribution on January 31, 1898, alleging that George Williams, one of said residuary legatees, died before said testator, unmarried, and without any lineal descendants, and that the other residuary legatee, William Frederick Williams, also died before the testator, leaving surviving him his widow, said Arvilla S. Williams, and said petitioners, Clifford Oswin and Frederick Percy, but no other lineal descendants; that the testator was never married, and at the time of his death left no kin except said petitioners.

The executor answered said petition and put in issue all its material allegations.

The questions of fact to be determined were whether William Frederick Williams, the husband of Arvilla, and the father of the petitioners Clifford Oswin Williams and Frederick .Percy Williams, was the brother of the testator and one of the residuary legatees named in the will, and whether George Williams, the other residuary legatee, was dead.

The will recited that the testator, James Williams, was born in Norwich, Chenango county, New York, that his father's

name was James Williams and that his mother's name was Harriet Luddington.

Arvilla S. Williams testified that she was married to William Frederick Williams at New Haven in 1875, and produced the certificate thereof, in which her husband was named "William F. Williams," and also produced the record of the baptism of her sons in which the father's name was stated as William F. Williams. She further testified that she learned from her husband that he was born in Norwich, Chenango county, New York, that his father's name was James Williams, that his mother's name was Harriet Luddington, and that he had four brothers and twin sisters.

At this point the attorney for the executor "objected to any testimony by witness as to what William F. Williams said to Arvilla S. Williams or her sons as hearsay and incompetent testimony to prove heirship." The objection was overruled, and an exception taken.

Appellant, in his brief, contends that before the declarations of a deceased person can be admitted, in cases of pedigree, the relation of the declarant to the family must be established by other testimony. (Citing *Blackburn v. Crawfords*, 3 Wall. 187; *Thompson v. Woolf*, 8 Or. 463, and several English cases.)

That such is the rule at common law is not doubted; nor is it necessary to consider whether sections 1852 and 1870 of the Code of Civil Procedure, or either of them, have changed the common law in that regard, since there was sufficient evidence to connect William Frederick Williams with the family to which the testator belonged, to justify the admission of his declarations made long before the execution of the will.

The will itself was sufficient evidence that James Williams, the testator, was born in Norwich, Chenango county, New York, that his father's name was James Williams, and his mother's Harriet Luddington, and that he had at least two brothers, named respectively William Frederick Williams and George Williams, who were made his residuary legatees. There was record evidence of the marriage of the witness Arvilla to William F. Williams, and it was entirely competent for her to testify that her husband so wrote his name, but that his full name was William Frederick Williams. The identity

of the name of the petitioners' father with that named in the will was *prima facie* proof that he was the William Frederick Williams named in it. Identity of person is presumed from identity of name. (Code Civ. Proc., sec. 1963, subd. 25; *Douglas v. Dakin*, 46 Cal. 49; 16 Am. & Eng. Ency. of Law, 119, tit. "Name," "Identity," and cases cited.)

The presumption arising from identity of name is, of course, rebuttable, but it is sufficient to shift the burden of proof to the other side. The question was one of fact, and there was certainly sufficient evidence to justify the court in finding that the petitioners were the nephews of the testator, and entitled to the whole of the residuary estate, if George Williams died before the testator leaving no issue. Upon this point the declarations of William Frederick Williams, deceased, as to the family understanding and belief, to the effect that he enlisted in the army, when a boy, on the Federal side of the Civil War, and was believed to have been killed, and that he never married, was competent evidence and sufficient to sustain the finding of the court. (*Doe v. Griffin*, 15 East, 293.) I quite agree with the learned counsel for appellant that evidence consisting of the alleged declarations of deceased persons is so easily fabricated that it is open to suspicion; but this objection goes to the weight that should be given it, not to its competency. That there was some testimony tending to contradict the testimony of the witnesses for the petitioner is conceded. Much of it, however, was incompetent, though not objected to; but it was for the trial court to determine the weight to be given to each and every particular statement, and I am satisfied with the correctness of its conclusions. The executor himself testified that he had exerted himself every way to ascertain who the relatives of the deceased were, and said: "I feel satisfied these two boys are the nephews of James Williams, but I should like to have it proven. I believe, from my investigations, George Williams to be dead and left no family." I advise that the order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.