[Civ. No. 4811. Third Appellate District.—December 27, 1932.]

In the Matter of the Estate of CHARLES W. WOOLSEY, Deceased. STATE OF CALIFORNIA, Appellant, v. MRS. DELIA PERRY, Respondent.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Appellant.

John Carfraie Birnie for Respondent.

THOMPSON (R. L.), J.—This is an appeal on the part of the State of California from a decree of the probate court distributing to Delia Woolsey Perry, as sole surviving heir, the entire estate of the deceased. The State of California intervened in the proceeding for distribution under the provisions of section 1269a of the Code of Civil Procedure, claiming that the deceased died without known heirs and that the estate therefore escheated to the State. It is contended the evidence fails to support the decree.

Charles W. Woolsey, aged sixty-two years, died intestate without issue in the county of Nevada. His wife, Elizabeth Harns Woolsey, had previously died intestate. Her estate was not probated. It was conceded the estate of Charles W. Woolsey consisted solely of community property, and that one-half of the estate was properly distributed to the heirs of his predeceased wife under the provisions of sub-

division 8 of section 1386 of the Civil Code. Lila M. Champion was appointed administratrix of the estate of Charles W. Woolsey, deceased. After the debts and expenses of administration were paid, upon petition for distribution, the court found that, ''Delia Woolsey Perry is the sole next of kin of Charles W. Woolsey, and is entitled to take the one-half of the community property as (surviving) representative'' of the deceased. Pursuant to this finding the court distributed to Mrs. Perry the balance of the estate amounting to the sum of $6,448.84. From this decree the State of California has appealed.

The evidence in support of the finding that Delia Woolsey Perry is the sole surviving next of kin and representative of the deceased is entirely satisfactory. The evidence of her relationship to the deceased is established without substantial conflict by documentary proof. She is the only surviving child of Richard Daniel Woolsey, a predeceased first cousin of Charles W. Woolsey. From the deposition of Delia Woolsey Perry it appears that she was born in Shopiere, Wisconsin, in 1859. She now resides in Beloit, Wisconsin. Her father's name was Richard Daniel Woolsey. The name of her paternal grandfather was James Woolsey. He had a brother by the name of William E. Woolsey, who was born in Ireland, and who married Charlotte Ross, who was born in Scotland. William E. and Charlotte Woolsey had two sons, named John Ross Woolsey and Charles W. Woolsey. As shown by his birth certificate John Ross Woolsey was born in Wisconsin in 1861. This certificate corroborates the fact that his father William E. Woolsey was born in Ireland, and that his mother Charlotte Ross Woolsey was born in Scotland. John Ross Woolsey died in Nevada City, California, December 1, 1917. He had lived in California forty years prior to his death. Upon petition therefor, this deceased, Charles W. Woolsey, was appointed administrator of his brother John's estate. In his petition for letters of administration Charles alleged that he was the surviving brother of John Ross Woolsey. Thus, we have convincing evidence, without conflict, that Charles W. and John Ross Woolsey were brothers, and that they were the sons of William E. and Charlotte Ross Woolsey, the great-uncle and great-aunt of the claimant Delia Woolsey Perry. The undisputed evidence of Delia Perry

is that her paternal grandfather was James Woolsey, a brother of William E. Woolsey. In corroboration of the foregoing facts, it appears from the marriage certificate signed by Charles W. Woolsey in April, 1912, that he was born in Missouri, and that he was then forty-five years of age. This shows the year of his birth to have been 1867. In that certificate he declared that his father's name was William E. Woolsey, who was born in Ireland, and that his mother's name was Charlotte Ross, who was born in Scotland. It also appears that Charles W. Woolsey had resided in California fifty years prior to his death. From the certificate of the marriage license of Delia Woolsey Perry, it appears she was married December 3, 1884, at the age of twenty-six. From her deposition, it appears she was living with her parents at Shopiere, Wisconsin, in 1865 when they received a visit from her great-uncle and great-aunt William E. and Charlotte Ross Woolsey. They were then accompanied by their son John Ross Woolsey, who was then but four years of age. Charles W. Woolsey was not born until two years thereafter, and Delia never saw him. She was then six years of age. She distinctly remembers to have then seen her great-uncle William E. Woolsey and his wife Charlotte Ross Woolsey and their son John Ross Woolsey. She was told by her own parents and by William E. Woolsey that he was a brother of her paternal grandfather James Woolsey. She was later told by her parents that her great-uncle, William E. Woolsey and his family had moved "out West". She knew nothing further concerning their whereabouts until she learned of the death of Charles W. Woolsey which occurred in Nevada City, California, August 17, 1929. The first information Delia Woolsey Perry received regarding the family of William E. Woolsey after they went west, was in response to an inquiry which appeared September 8, 1929, in the "Milwaukee Journal," as follows:

"Woolsey: Information wanted concerning relatives of John Ross Woolsey, born Wisconsin about 1861, son of William E. and Charlotte (nee Ross); estate matter."

It will be observed this notice called for information by reference to John Ross Woolsey, whom Delia knew and had met in their home in 1865, in company with his parents.

From the foregoing facts there appears to be no reasonable doubt that John Ross Woolsey and Charles W. Wool-

sey were brothers; that both John and Charles were sons of William E. and Charlotte Ross Woolsey, and that William E. was a brother of James Woolsey, the paternal grandfather of Delia Woolsey Perry. All of the relatives of this Woolsey family are dead, except Delia. Not only are these facts a matter of family history, but there is convincing corroboration in the identity of names which check and cross-check without a flaw. This furnishes very satisfactory evidence in support of the court's finding that Delia Woolsey Perry is the sole surviving next of kin of Charles W. Woolsey, deceased, and that she is therefore entitled to distribution of the balance of his estate.

The only apparent contradiction of any of the foregoing facts is a statement which Charles W. Woolsey made on a Sacramento bank deposit card, at some date which is not disclosed. On that card he made the following statement in answer to an inquiry regarding his relatives: "Nearest Relative: None living." This signature card furnishes no substantial conflict to the foregoing positive evidence of relationship. In the first place Delia Woolsey Perry might not be deemed to be a "near" relative. It is not unreasonable that a depositor in a bank should assume that a request for the name of the "nearest relative", called only for the name of an immediate blood relative. There is no difficulty in reconciling the statement on the bank signature card with the documentary records and the deposition of Delia Woolsey Perry. It is quite likely Charles W. Woolsey, who had resided in California for fifty years, never heard of this collateral relative. Many individuals are ignorant regarding remote relatives. Nor is it strange that Delia had not heard of her great-uncle Charles. It was not uncommon for adventurous Americans who crossed the plains and the Sierra Nevadas in response to the lure for gold in the early days of California to become lost to their eastern relatives.

The hearsay evidence of Delia Woolsey Perry regarding the pedigree of their family history is competent. (3 Jones' Commentaries on Evidence, 2097, sec. 1131; sec. 1870, subd. 11, Code Civ. Proc.; *Estate of Walden*, 166 Cal. 446 [137 Pac. 35].)

The identity of persons may be established by the identity of names. Such evidence creates a presumption

of the identity of individuals when it is uncontradicted. (Sec. 1963, subd. 25, Code Civ. Proc.; 19 Cal. Jur. 527, sec. 7; *Estate of Williams,* 128 Cal. 552 [61 Pac. 670, 79 Am. St. Rep. 67]); *Estate of Horgan,* 93 ·Cal. App. 36 [268 Pac. 1090].)

There is ample evidence in the present proceeding to support the finding of the probate court that Delia Woolsey Perry is the sole surviving next of kin of Charles W. Woolsey, deceased, and that she is entitled to distribution of the balance of the estate. ■ In determining whether there is substantial evidence to support the finding and decree to meet the requirements of the well-established rule that a judgment will not be reversed on appeal when the evidence is conflicting (2 Cal. Jur. 921, sec. 543), the facts which are adduced by means of a deposition are just as controlling as though the witnesses were personally present at the trial. (*Estate of Moore,* 162 Cal. 324 [122 Pac. 844, 845].) In the case last cited the court says:

"Appellant insists that we should review this evidence as triers of fact because it was presented to the court in probate upon deposition and he argues that as the credibility of the witnesses is not involved when the testimony is given by deposition, the rule of this court that it will not disturb a finding based upon conflict of evidence does not obtain. But this rule is not a court created rule and is not based upon the fact that the trial court or trial jury has had the witnesses before it. This fact is but one of the reasons for the existence of the rule which itself is created by the law. This court sits to review errors of law. . . . It is only when the question is presented to this court as one of law under the contention that the evidence is insufficient to support the verdict or finding, that this court will examine the evidence to this sole end, and when it is satisfied that substantial evidence exists to support the verdict or finding, its examination ceases at once."

The decree of distribution is affirmed.

Plummer, J., and Pullen, P. J., concurred.