[S. F. No. 1910.  Department Two.—December 14, 1901.]

## J. S. FOSTER, Respondent, v. J. S. CARR, Appellant.

PARTNERSHIP—CONTRACT FOR TERMINATION—ARBITRATION—VALUE OF PROPERTY—DAMAGES—NOTICE OF MEETING.—Under a contract for the termination of a partnership between plaintiff and defendant, and for the assessment by arbitrators named of the value of the joint property, to be retained by the defendant, one half of the appraised value of which was to be paid by him to the plaintiff, and for the appraisement of damages to the plaintiff by reason of the termination of the partnership, it is not clear that notice of the time and place of the meeting of the arbitrators was required to be given to the defendant.

ID.—ACTION OF ARBITRATORS—WAIVER OF OBJECTIONS.—The presence of the defendant, when the arbitrators met, and his telling them to go ahead, and the representation of him by his foreman throughout the proceedings, by the defendant's direction, and his taking possession of the property under the award, constituted a waiver of all objections by him to the action of the arbitrators.

ID.— ACTION FOR ACCOUNTING — PLEADING — VARIANCE — ARBITRATION AND AWARD FOUND WITHOUT PLEADING—AMENDMENT OF COMPLAINT. —Where the action was merely for an accounting of the partnership, and the agreement for arbitration and the award were not pleaded, proofs and findings thereof show an erroneous variance. The proofs should have been excluded, or the complaint amended to conform to the proofs.  The error was not cured by an amendment merely pleading so much of the agreement for arbitration and the award as related to damages.

ID.—ERROR NOT PREJUDICIAL—CONCLUSIVENESS OF AWARD—FINDINGS AS TO VALUE.—Though ordinarily such a variance would be ground for reversal, yet in this case, where there is no dispute about the facts, and the award, which is conclusive between the parties, could not be varied upon a new trial, and the findings made as to the value of the property corresponded with the award, except as to one item, to the advantage of the appellant, there was no prejudicial error which requires a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion.

S. F. Geil, and J. W. Bryan, for Appellant.

G. A. Daugherty, and J. K. Alexander, for Respondent.

SMITH, C.—The defendant appeals from a judgment in favor of the plaintiff for the sum of $773.42 and from an order denying his motion for a new trial.

The case as presented by the record is as follows: The plaintiff and defendant were engaged in the business of dairying, under a written contract of date October 24, 1894, by the terms of which the defendant was to furnish four hundred cows and heifers, and also the lands required, and the defendant was to carry on the business, the expenses, with certain exceptions specified, to be borne by the latter. The term provided for was three years from November 1, 1894; but on August 28, 1896, the contract was terminated by agreement, and the property mentioned therein and certain joint property of the parties was turned over to the defendant, "for which [it is alleged in the complaint] he agreed to account." It is also alleged, in effect, that before and after the termination of the contract the defendant received moneys and other property of the firm, for which he refused to account, and that on a just accounting there would be due to the plaintiff the sum of $1,067.99, for which, and for an accounting, judgment is prayed. The allegations of the complaint, except as to the contract and its termination, are denied by the answer; and it is in effect alleged that there is a balance of $172 due to the defendant.

On the trial, which was before a jury, the plaintiff offered in evidence a written agreement of date August 25, 1896, providing for the termination of the contract, and for the assessment, by three arbitrators, therein named, of the value of the property owned jointly by the parties, and of the damages sustained by the plaintiff by reason of the termination of the contract, and for the payment by the defendant of half the values assessed, which was objected to by the defendant on the

ground that it was "incompetent, immaterial, and irrelevant."
There was also offered the award made in pursuance of this
agreement, which was objected to on the same grounds, and on
the further grounds "that it was not admissible for any pur-
pose under the issues raised by the pleadings, and . . . that it
was not a valid award." But both documents were admitted,
the defendant excepting.

There was no dispute as to the receipt by the defendant of
the various articles enumerated in the award, and, as to many
of them, the values assessed were stipulated to be correct. The
only dispute was as to the values of the unadmitted items. With
reference to these, other evidence of value was introduced by
the parties, and special issues were submitted to the jury, on
which a verdict was rendered. In some of the values found,
the verdict agreed with the award; in others, it disagreed.

After the verdict, but before the final hearing, the plaintiff
was permitted to amend his complaint, by adding the allega-
tions that, in consideration of the consent of the plaintiff to
terminate the contract before the expiration of the term
agreed upon, the defendant agreed to pay him such damages
as might be assessed by the three arbitrators named, and that
the damages were accordingly assessed by them at two hundred
dollars, and the amendment, it was agreed, should be consid-
ered as denied.

Afterwards, on the final hearing, the court held that one of
the items of property assessed by the arbitrators should not
have been included in the award, but that otherwise the award
was final and conclusive on the parties. Accordingly, the
court finds the contract of August 25, 1896, and, with the
exception of the item rejected, the award made in pursuance
thereof, adopting the latter. But it also finds the same values
"from the evidence and testimony submitted to and heard by
[the] court, aside from the report and award" of the arbi-
trators.

The rejected item of the award was "22½ acres of beets
and carrots, at $25 per acre, $562.50," with reference to which
the court finds, in effect, that there were twenty-two acres of
growing beets and carrots, averaging, at the time of the ter-
mination of the contract, eight tons to the acre, and of the value
of $3 per ton clear, amounting to the sum of $528, one half
of which ($264) was due the plaintiff. From the facts found,

and the admitted debits and credits, there resulted, as a balance in favor of the plaintiff, the amount of the judgment, $773.42.

It is urged by the appellant,—1. That the award was invalid, for want of notice to the defendant of the times and places of meeting; 2. That, whether valid or otherwise, the agreement and award were inadmissible under the pleadings, and that the findings with regard thereto were outside the issues; and 3. That the finding as to the value of the beets was not justified by the evidence.

1. With regard to the first point, it is not clear that the case was one in which notice to the parties was required. The parties named in the contract are indeed called "arbitrators," but the proceeding provided for was merely that of "appraisement or valuation, which, [it is said,] although binding on the parties, is not the submission of a controversy to arbitration, and is therefore not subject to the rules which govern arbitrators." (*Methodist Episcopal Church* v. *Seitz,* 74 Cal. 291 et seq.; Moore on Arbitration and Award, 143-144.) But, however this may be, it appears from the testimony of the arbitrators, and is not denied by the defendant, that he was present at the commencement of the proceeding, and told the arbitrators "to go ahead," and also that he was, by his own direction, represented throughout the proceedings by his foreman. This, and his taking possession of the property under the award, must be taken as a waiver of all objections to the action of the arbitrators.

2. The cause of action set out in the complaint seems to be simply for an accounting between partners, and neither the agreement for arbitration nor the award is pleaded. The cause of action proved and found was the agreement of the defendant to pay the values of the articles of property received by him, as the same should be assessed. There was therefore manifestly a variance between the complaint and the proofs offered; and these should have been excluded, or the complaint amended to conform to them. Nor was the error cured by the subsequent amendment, which pleaded only so much of the agreement and award as related to damages. Ordinarily, therefore, such an error would be ground for reversal. But here there is no dispute about the facts, which are all before us; nor can the case be varied on a new trial—for the only

question involved is as to the values assessed, and as to these the award must be regarded as conclusive. It is clear, therefore, that the error was not prejudicial. (Code Civ. Proc., sec. 469; *Edwards* v. *Wagner,* 121 Cal. 376; *Hughes* v. *Wheeler,* 76 Cal. 233.)

3. With regard to the finding objected to, the point of the objection is that, according to the evidence, the beets therein referred to were worth not over $2.50, instead of $3, per acre, as found by the court; which would make a difference of $88 in the judgment. We do not, however, consider it necessary to determine the point. Under the agreement the arbitrators were empowered "to determine and award the value of all the feed now on hand, such as hay, grain, oilcake, etc."; and the arbitrators construed this as including the beets and carrots. This construction was confirmed by the conduct of the defendant and his agent, neither of whom made objection, though the latter was present during the proceeding, and the former took possession under the award. The court, therefore, we think, erred in rejecting this item of the award; but, as its finding of value is something less than the value awarded, the error was to the advantage of the defendant.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.