[Civ. No. 447. Second Appellate District.—December 27, 1907.]

JOHN A. STUM, Appellant, v. L. F. HADRICH, Respondent.

ACTION FOR BREACH OF CONTRACT—PURCHASE AND SALE OF INTEREST IN CATERING BUSINESS—FINDINGS—COMPLETENESS OF CONTRACT—ERRONEOUS CONCLUSION.—In an action to recover damages for breach of a contract for the purchase and sale of a half interest in a confectionery and catering business, it is held that the findings in regard to the terms of the contract show a complete agreement to buy and sell such interest within the meaning of section 1729 of the Civil Code, and that the court made an erroneous conclusion of law from the findings that the agreement between the parties was never completed.

ID.—FAIRNESS OF CONTRACT—ADEQUACY OF CONSIDERATION—CASH PRICE —SKILL AND LABOR OF PLAINTIFF AS EXPERT.—Although it appears that the cash price to be paid by plaintiff was but a fraction of the real value of the subject of the agreement to sell, yet, when nothing appears to the contrary, it must be presumed that the skill and labor agreed to be contributed by the plaintiff as an expert confectioner and caterer was of itself sufficient to make the consideration adequate, and the contract upon its face a fair one.

ID.—TIME FOR PAYMENT NOT FIXED—IMPLIED AGREEMENT TO PAY ON DELIVERY.—Where plaintiff had made an advance payment, and no time was fixed in the agreement as to further payment, and it was left indefinite, the law implies that the further payment was to be made upon delivery.

ID.—ABSENCE OF DELIVERY—NOTICE OF REPUDIATION OF CONTRACT— TENDER UNNECESSARY.—Where no delivery was made or tendered and while plaintiff was not in default, the defendant gave him no tice that he repudiated the contract, and would not carry out the same, and did not retract such repudiation, the plaintiff was not required to tender performance of the contract on his part, before suing for breach of the contract.

7 Cal. App.—16

ID.—CAUSE OF ACTION FOR BREACH—EFFECT OF NOTICE OF REPUDIATION. The notice of repudiation of the contract constituted a breach of the agreement to sell, and plaintiff's cause of action for the breach arose immediately, without reference to subsequent tender of payment.

ID.—MEASURE OF DAMAGES FOR BREACH.—The measure of damages for breach of a contract to sell personal property, the price of which has not been fully paid, is prescribed in section 3308 of the Civil Code, and "is decreed to be the excess, if any, of the value of the property to the buyer over the amount which would have been due to the seller under the contract, if it had been fulfilled."

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Frank G. Bryant, and D. P. Hatch, for Appellant.

Grant R. Bennett, and F. M. Porter, for Respondent.

ALLEN, P. J.—Action for damages growing out of an alleged breach of an agreement to sell personal property.   Findings and judgment for defendant, from which plaintiff appeals upon the judgment-roll.

The findings upon which the judgment is based recite that plaintiff, an expert confectioner and caterer, then employed in his business, on the fourteenth day of November, 1904, entered into an oral agreement with defendant by which defendant agreed to sell to plaintiff, and plaintiff agreed to buy, a half interest in a confectionery and catering business in Los Angeles for $500 cash; and the further agreement that plaintiff should devote his entire energy and skill in and about the conduct of the joint business.   That upon the faith of this agreement to sell, plaintiff paid to defendant $50 of such purchase price.   The trial court further finds that, while the remaining $450 was to be paid in cash, it was understood between the parties that plaintiff had $100 which he could pay immediately, and the remaining $350 was to be paid as soon as plaintiff could raise that amount by loan, which loan, if it could not be procured otherwise, was to be procured from one Sparks, and that plaintiff and defendant should jointly sign a note therefor, and said Sparks was to be repaid out of the profits of the business which would accrue to plaintiff.   It

further appears that plaintiff, on the date of such agreement, and upon the faith thereof, resigned the position then held by him with a rival firm. It is further found that no delivery of the property agreed to be sold was had, and that on the day subsequent to the making of the agreement the defendant repudiated the same and notified plaintiff that he would not carry out the same, and offered to refund the $50 which plaintiff had paid. This plaintiff refused to accept. Plaintiff, after such repudiation, made no tender of payment to defendant of the residue of the purchase price. It was found by the court that the reasonable value of the business, the subject of such agreement, at the time thereof, was $6,500, and that said business produced at such time the sum of $400 per month net profit over and above all expenses, and that the same was at said date clear and free of all encumbrances. The court, as a conclusion of law from these findings, found that the agreement between the parties was never completed and that the defendant was entitled to a judgment.

Section 1729 of our Civil Code provides: "An agreement to sell and buy is a contract by which one engages to transfer the title to a certain thing to another, who engages to accept the same from him and to pay a price therefor." The contract of the parties, as found by the court, appears to us to be a complete agreement to buy and sell under this section. While the cash to be paid was but a fraction of the real value of the subject of the agreement to sell, nothing to the contrary appearing, it will be presumed that the skill and labor agreed to be contributed by plaintiff was of itself sufficient to make the consideration adequate and the contract upon its face a fair one. It will be observed that no time was fixed in the agreement when the money was to be paid by plaintiff. The time of payment was left indefinite. The law, therefore, implies that the payment was to be made upon delivery. (Civ. Code, sec. 1784; *Blackwood* v. *Cutting Packing Co.,* 76 Cal. 215, [9 Am. St. Rep. 199, 18 Pac. 248].) No delivery being made or tendered, plaintiff was not in default under the agreement on the fifteenth day of November, when defendant refused to carry out the agreement. Section 1440 of the Civil Code provides: "If a party to an obligation gives notice to another, before the latter is in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due,

such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former party.'' (See, also, *Garberino* v. *Roberts*, 109 Cal. 128, [41 Pac. 857].) Not only was plaintiff not required to tender performance after the notice given him by defendant that he would not perform, but such notice constituted a breach of the agreement to sell and plaintiff's cause of action arose immediately without reference to subsequent tender of payment. The findings clearly show a breach upon defendant's part, and section 3308 of the Civil Code prescribes the measure of damages on account thereof.

We are of opinion that the judgment of the court is not supported by the findings.

Judgment reversed and a new trial ordered.

Shaw, J., and Taggart, J., concurred.