[Civ. No. 2752.   First Appellate District, Division Two.—June 16, 1919.]

## LOMPOC PRODUCE & REAL ESTATE CO. (a Corporation), Respondent, v. MAXWELL BROWNE, Appellant.

[1] CONTRACTS—ANTICIPATORY BREACH—RIGHT OF ACTION.—Where one party to a contract for the sale of a crop of beans renounces the contract and refuses to be bound by it or to deliver any portion of the crop, part of which is then ready for delivery, the other party thereto may immediately maintain an action for the breach.

[2] ID.—BREACH BY BUYER—WAIVER BY GROWER.—Where the contract between the buyer and the grower for the sale of a crop of beans provides that on demand the former will furnish the latter with seed, the grower will be deemed to have waived such condition of the contract where, upon demand followed by failure

---

1. Remedies of parties to contract upon anticipatory breach thereof or prevention of performance, notes, 1 Ann. Cas. 427; 12 Ann. Cas. 1108; Ann. Cas. 1913C, 384; Ann. Cas. 1917E, 712.

1. Anticipatory breach of contract as basis of suit for specific performance, note, 36 L. R. A. (N. S.) 408.

1. Jurisdiction of action for anticipatory breach of contract, note, Ann. Cas. 1914B, 38.

or refusal of the buyer to perform, he makes no demand or complaint but proceeds to purchase other seed and does not return the consideration paid him until the crop is grown and partially harvested, thereby permitting the plaintiff to believe that he is going to comply therewith, but, at the last moment, when the price of beans has advanced, repudiates the contract.

[3] Id.—Performance by Buyer — Waiver — Pleading—Proof.— Where in an action for a breach of contract, the plaintiff alleges and relies upon performance, and makes out a *prima facie* case, it may thereafter rely upon the defendant's testimony and take advantage of the waiver of performance proven by it, even though such waiver may not have been pleaded.

[4] Id.—Variation Between Pleading and Proof—Waiver—Surprise or Injury to Defendant.—The defendant cannot, claim to have been surprised or injured by the variance between the pleadings and proof where the evidence concerning such waiver was largely his own testimony; nor may he complain that his own testimony is construed most strongly against him.

[5] Id.—Variance—When Ground for Reversal.—Variance between the allegations of the complaint and the facts shown does not constitute sufficient ground for reversal of the judgment where the defendant was not injured thereby.

[6] Id.—Waiver—When Directed Verdict Proper.—While waiver is a mixed question of law and fact, when but one inference can be drawn from the facts, it is not error for the court to charge the jury that these facts constitute waiver.

[7] Id.—Proof of Waiver by Defendant's Testimony—Rebuttal Testimony—Discretion of Court.—In an action for a breach of contract, after the defendant has rested his case and the plaintiff has made a motion for the withdrawal of the issue of breach of contract by the defendant from the jury, and after the court has granted that motion, the trial court does not abuse its discretion in refusing to permit the defendant to offer additional testimony to rebut the claim of waiver of the condition of the contract to be performed by plaintiff, particularly where all the testimony upon the subject of waiver has been given by the defendant himself.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. F. Lacey for Appellant.

Oscar Samuels, Jacob Samuels and Chas. B. Rosendale for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for $16,505.36 damages for the alleged breach of a contract for the sale of a crop of beans. The court directed the jury to find for the plaintiff, leaving to them the determination of the amount of the damages. The contract is in writing and was entered into upon February 13, 1917. It provides that the defendant shall grow for the plaintiff certain quantities and varieties of beans at a specified price. It acknowledges receipt by the defendant of two thousand dollars to apply upon the purchase price of the beans and also provides that the conditions printed on the back thereof are a part of the contract. Among those conditions is one to the effect that the plaintiff agrees to furnish the defendant sufficient seed for the crop bargained for, said seed to be selected by the defendant, and for the seed furnished by the plaintiff the defendant agrees to return with the crop an equal amount without charge as the equivalent of the seed furnished. The contract provides that a certain price was to be paid for beans delivered to the defendant on or before October 1, 1917, and a different price was to be paid for beans delivered after October 1, 1917. It is also provided that delivery should be made on or before November 1, 1917. On October 18, 1917, defendant wrote to the plaintiff refusing to perform the contract and returning the two thousand dollars advanced to him thereunder. The plaintiff brought this action on October 25, 1917.

[1] The defendant demurred to the complaint and urged as one ground of demurrer that the action was prematurely instituted because delivery was to be made on or before November 1, 1917, and the suit was brought before that time. This point was also urged upon the motion for a nonsuit made at the conclusion of plaintiff's proof. We believe this point is not well taken. The complaint set out the contract, and alleged that on October 18th the defendant had renounced the contract and refused to be bound by it or to deliver to plaintiff any portion of the crop, and that at said time a portion of the crop, approximately two hundred thousand pounds, was sacked and ready for delivery, and that the balance was lying on the ground ready for sacking and delivery. We think that the absolute refusal of

41 Cal. App.—39

the defendant to perform conferred upon the plaintiff an immediate right of action. (*Garberino* v. *Roberts,* 109 Cal. 126, 128, [41 Pac. 857]; *Stum* v. *Hadrich,* 7 Cal. App. 242, 244, [94 Pac. 82]; *Roehm* v. *Horst,* 178 U. S. 1, [44 L. Ed. 953, 20 Sup. Ct. Rep. 780]; *Central Trust Co. of Illinois* v. *Chicago Auditorium Assn.,* 240 U. S. 581, [L. R. A. 1917B, 580, 60 L. Ed. 811, 36 Sup. Ct. Rep. 412, see, also, Rose's U. S. Notes]; *Cabrera* v. *Payne,* 10 Cal. App. 675, 678, [103 Pac. 176].) The market value of the beans at the time of the breach was a proper measure of damages. (*Masterson* v. *Mayor of Brooklyn,* 7 Hill (N. Y.), 61, [42 Am. Dec. 38], quoted with approval in *Hale* v. *Trout,* 35 Cal. 229, at page 243; *Roehm* v. *Horst,* 178 U. S. 1, at page 21, [44 L. Ed. 953, 20 Sup. Ct. Rep. 780, see, also, Rose's U. S. Notes].)

[2] The plaintiff alleged complete performance by it of all the conditions of the contract by it to be performed. In regard to the provision in the contract that the plaintiff should furnish seed to the defendant, which seed should be selected by the defendant, the plaintiff proved that no seed had been selected by the defendant and no request for any seed or for the privilege of selecting any seed had been made by the defendant to any authorized agent of the plaintiff company. The defendant denied that the plaintiff had performed its part of the contract and introduced certain testimony of the defendant to the effect that he had selected certain seed from samples in the possession of one Grannas, who, it was claimed by defendant, was ostensibly acting for the plaintiff company, and that defendant had requested Grannas to furnish such seed and that Grannas had refused because of the high cost of the same. But by his own testimony, defendant also put in evidence facts which clearly indicate a waiver of this condition concerning the seed, even though we concede that the testimony established an ostensible agency in Grannas to act for the plaintiff company. Plaintiff, thereupon, at the close of defendant's case, made a motion to withdraw from the jury the issue of plaintiff's alleged breach of the seed provision, and upon this motion plaintiff urged that even though it be conceded that the seed provision had been breached, yet it appeared from the defendant's own testimony that he had waived that breach. We emphasize the fact that it was

upon defendant's own testimony that plaintiff asked for a directed verdict. This motion was granted and a verdict for plaintiff was directed. It appeared from the defendant's testimony that he had arranged for the purchase of certain seed known as the Soares seed from Mr. Soares before he made the contract with the plaintiff for the sale of his crop; that he mentioned this fact to Grannas, who, he claims, was acting for the plaintiff company; that later, after Soares had sold his seed to the plaintiff company, and they in turn had disposed of all of it—and after the contract between plaintiff and defendant had been entered into—the defendant asked Grannas for this Soares seed and was told that it had all been sold. He then selected other seed, a sample of which Mr. Grannas had in his office, which seed was known as the Santos seed, and which, it developed, was grown on the same land and was a part of the same crop as the Soares seed. Grannas then told him this seed was held at too high a price and that he could not buy it, and asked the defendant to try to purchase it himself. The defendant made no objection to doing this, but replied, "All right," and proceeded to purchase it. He never asked for reimbursement from the plaintiff for the amount he paid for the seed, and never objected that it had not fulfilled its contract in this regard, and did not return the two thousand dollars advanced to him under the contract until October 18, 1917, approximately the time fixed for the performance of the contract, when he attempted to repudiate it because of this alleged breach. On several occasions after he had purchased the seed he met representatives of the plaintiff company and allowed them to go over the ranch and inspect the crop, but he never at any time indicated to them that he considered the plaintiff had breached its contract in any respect or that the contract was not in full force and effect. Even if it be conceded that a breach of the contract by the plaintiff occurred in April, 1917, the defendant would not have been permitted to have retained the consideration paid him and to have kept the contract open for his own benefit for six months, making no demand or complaint, and permitting the plaintiff to believe that he was going to comply therewith, and then, at the last moment, when the price of beans had advanced, repudiate the contract. The evidence of the

defendant, without contradiction, indicates a waiver of this condition.

The defendant and appellant objects that the verdict and judgment were obtained upon an issue of waiver, and that, as no waiver was pleaded, the plaintiff was not entitled to judgment upon this issue when the pleadings alleged performance by the plaintiff and not a waiver by the defendant. While we have not been cited to any case involving this precise question of pleading in relation to waiver, a similar question has arisen in certain cases involving the pleading of an estoppel. In the case of *Blood* v. *La Serena L. & W. Co.*, 113 Cal., at page 229, [41 Pac. 1017, 45 Pac. 252], it is said that had the plaintiff under the circumstances been called upon to rely upon an estoppel in order to maintain his action against defendant at all, it would have been necessary, of course, for him so to have pleaded. But such was not his cause of action, for he successfully made out a *prima facie* case, and might, without pleading it, use the evidence in estoppel to prevent the corporation from maintaining what as against its acts would be an unjust and unwarranted defense. In the case of *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417, at page 422, [49 Pac. 559, 560], it is said: " . . . a party is not bound to plead an estoppel where he is without knowledge that his demand must ultimately rest upon it."

[3] In the present case the plaintiff alleged and relied upon performance. It made out a *prima facie* case. The authority of Grannas, from whom it is asserted defendant selected and requested the seed, rested only upon an ostensible agency. It was not shown that he was the agent of the plaintiff, in fact, but plaintiff throughout the trial denied his authority and objected to proof of any dealings with him by the defendant. The plaintiff, therefore, in its main case, relied upon the fact that the defendant had not selected seed from any of its authorized agents, and, therefore, there was no breach of the condition to furnish seed. The defendant met this by proof which, for the purpose of this discussion, let us concede established an ostensible agency of Grannas to act for the plaintiff company, and then showed that he selected and requested seed from Grannas. The plaintiff, while denying the authority of Grannas to act for it in this matter, may rely upon the

defendant's testimony and take advantage of the waiver proven by it, even though such waiver may not have been pleaded.

[4] Furthermore, the defendant could not have been surprised or injured by this variance between the pleadings and proof, because the evidence concerning waiver was largely his own testimony. He may not complain that his own testimony is construed most strongly against him, and he cannot be damaged by a consideration of the facts which he himself has admitted. [5] If it be true that there is a variance between the allegations and the facts shown, then it is apparent that defendant could not have been prejudiced by the variance, because if the complaint had been amended to conform to the proof, the result would have been the same, and no good would result from sending the case back for a new trial, as it is apparent that the result would necessarily be the same, under the evidence of the defendant himself. It is said in the case of *Foster* v. *Carr*, 135 Cal. 83, [67 Pac. 43], that even where there is a variance such as ordinarily would be ground for reversal, yet if there is no dispute about the facts, and the evidence could not be varied upon a new trial, there is no prejudicial error which requires a reversal of the judgment. (Code Civ. Proc., sec. 469.) A judgment will not be reversed or a new trial granted for mere error when it clearly appears that the appellant has sustained no injury therefrom. (*Edwards* v. *Wagner*, 121 Cal. 376, [53 Pac. 821].)

[6] Appellant also contends that the alleged waiver by defendant should have been submitted to the jury as a question of fact, and that the directed verdict was, therefore, improper. While waiver is a mixed question of law and fact, when, however, but one inference can be drawn from the facts, it is not error for the court to charge the jury that these facts constitute waiver. (40 Cyc. 270; *Spring Garden etc. Ins. Co.* v. *Evans*, 9 Md. 1, [66 Am. Dec. 308, 315].) The uncontroverted evidence before the court in the present case was such that it would have been the duty of the court to set a contrary verdict aside as unsupported by the evidence. A directed verdict was, therefore, proper. (*Estate of Baldwin*, 162 Cal. 471, [123 Pac. 267]; *Meyer* v. *Lovdal*, 6 Cal. App. 369, [92 Pac. 322]; *Bunt* v. *Sierra Buttes Gold Min. Co.*, 24 Fed. 847, [11 Sawy. 178].)

[7] The trial court did not abuse its discretion in refusing to permit the defendant to offer additional testimony to rebut the claim of waiver. After the defendant had rested his case, and the plaintiff had made a motion for the withdrawal of the issue of breach of the contract by the defendant from the jury, and after the court had granted that motion, the defendant asked leave to introduce further testimony to rebut the waiver which was shown by the defendant's own testimony. The court denied the application upon the ground that there was no showing made that such application could not have been made sooner and before the court had decided the matter. Apart from this objection, this is not a case of a refusal to permit a party to introduce evidence to overcome the testimony of the opposing party. All the testimony upon the subject of waiver was given by the appellant himself. He cannot claim to have been surprised by his own testimony and should not object to its being given full credence. He should not be permitted to attempt to contradict it.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 14, 1919.

All the Justices concurred, except Wilbur, J., who was absent.