[Civ. No. 6044. First Appellate District, Division One.—January 14, 1928.]

CHARLES O. GOOLD, etc., Respondent, v. KISHAN SINGH et al., Appellants.

Williams & Fenstermacher for Appellants.

Peckinpah & Carter for Respondent.

CASHIN, J.—An appeal by defendants from a judgment entered in favor of the plaintiff quieting the title to certain real and personal property.

On March 11, 1920, an agreement for the purchase and sale of the property was entered into between the plaintiff and defendant Kishan Singh. The purchase price was $11,500, which defendant agreed to pay in installments, with interest, as follows: $1,000 upon the execution of the agreement, which payment was acknowledged; $1,500 on or before four years after date and at least $1,500 each

year thereafter until one-half of the purchase price had been paid, whereupon the plaintiff agreed to convey the property to the vendee upon the execution by the latter of a note for the balance secured by a mortgage on the real property. The vendee further · agreed to improve at least twenty acres of the land annually during the first four years by planting vines and trees thereon and to cultivate and maintain the same in accordance with the best custom and practice in the locality. He was given the privilege of selling or contracting for the sale of any portion of the land, it being agreed that if the portion sold be unimproved the price should net the plaintiff at least $60 per acre, but if improved the price should equal the value of the improvements plus the above price for unimproved land and that all deferred payments under the subcontracts should bear interest; it being further agreed that the purchasers should deal directly with the plaintiff and pay to him the full amounts of the purchase price with interest, and that payments would be applied on the original contract. The agreement contained further provisions respecting the covenants and conditions to be inserted in the subcontracts, and, in addition to a provision that if the defendant vendee should fail to keep and perform any agreement therein contained his rights thereunder should terminate and all sums paid be retained by the vendor for the use of the property it was stipulated that "time is of the very essence of this agreement and every part thereof."

The answers of the defendants alleged an extension by the plaintiff of the time for the payment of an unpaid balance of the second installment of the purchase price to November 1, 1924; that the agreement had been performed according to its terms, and that Pardhan Singh, Baram Singh, and Nama Singh by contracts with defendant vendee had each acquired an interest in portions of the real property described in the agreement.

The court found that the premises described had not been improved as provided by the agreement; that none of the subcontracts for the sale of portions of the property were executed in accordance with its provisions; that defendant vendee had failed to account to plaintiff for all moneys received under the subcontracts; that the agreement for

an extension of time for the payment of the balance of the second installment of the purchase price was made as alleged but that the plaintiff had no notice, actual or constructive, of the execution of the subcontracts mentioned nor of the fact that defendant vendee had failed to account or of his failure to improve the property.

Defendants contend that the findings are unsupported and, further, that the plaintiff by the acceptance of certain interest payments waived the right to declare a forfeiture of their rights under the agreement.

The testimony sufficiently shows a failure to plant the land to the extent required by the agreement, and that as to material portions of that planted the care which good farming required was not given. It also shows that following the initial payment of $1,000 the only amount paid on the principal of the purchase price was $1,350 and, further, that defendant vendee received payments aggregating $2,200 on the subcontracts made by him, and that with the exception of the above payment of $1,350, which appears to have been derived from the sums so received, this amount was not paid to the plaintiff.

Defendants also attack the findings that the plaintiff at the time the extension was granted had no notice, actual or constructive, of the execution of the subcontracts or that the vendee had failed to account for the sums received thereunder. The property is situated in Fresno County, while the agreement was executed in Monterey County, where the plaintiff resided. According to his testimony he knew of the intention of the vendee to enter into subcontracts, and had heard that persons other than the vendee were in possession of the property, but was not aware that subcontracts had been executed or that payments thereunder had been received by the vendee. This testimony, in view of the circumstances, sufficiently supports the finding of a want of actual notice; and the fact, as shown, that the subcontracts were recorded in Fresno County by the vendees named therein was not constructive notice to the plaintiff of their execution or contents (Civ. Code, sec. 1213).

The action was commenced on February 20, 1924, and it appears from the testimony that the plaintiff accepted payments of interest after the defendant vendee had failed to

perform in the above particulars, the last payment received being in the fall of 1923; and it is contended that the continued validity of the contract was thereby recognized and the right to declare a forfeiture waived.

The right to declare a forfeiture for the breach of a condition may be waived; and a waiver may be implied from the acts of the vendor after a breach by which the continued validity of the contract is recognized (*Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]; *Stevinson* v. *Joy,* 164 Cal. 279 [128 Pac. 751]; *Hermosa Beach etc. Co.* v. *Law Credit Co.,* 175 Cal. 493 [166 Pac. 22]). A waiver, however, being the intentional relinquishment of a known right after knowledge of the facts (*Wienke* v. *Rich,* 179 Cal. 220 [176 Pac. 42]), the acts alleged to have had that effect must have been done with full knowledge of the right to declare a forfeiture (*German-American etc. Bank* v. *Gollmer,* 155 Cal. 683 [24 L. R. A. (N. S.) 1066, 102 Pac. 932]; *Goodwin* v. *Grosse,* 56 Cal. App. 615 [206 Pac. 138]), and whether there has been a waiver is a question of fact to be determined by the trial court (*Kerr* v. *Reed,* 187 Cal. 409 [202 Pac. 142]; *California etc. Hotel Co.* v. *Callender,* 94 Cal. 120, 126 [28 Am. St. Rep. 99, 29 Pac. 859]), unless but one inference can reasonably be drawn from the evidence (*Lompoc Produce etc. Co.* v. *Browne,* 41 Cal. App. 607 [183 Pac. 166]).

In the present case, while payments of interest were accepted after the vendee had failed to perform, the testimony of the plaintiff shows that he was not then apprised of the breaches of the contract, and sustains the conclusion of the trial court that the right to declare a forfeiture was not waived.

There was sufficient evidence to support the findings, and no error being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.