[Civ. No. 10248. Second Appellate District, Division Two.—June 27, 1935.]

FLORENCE MERCER, Respondent, v. THE FRANK MELINE COMPANY (a Corporation), Appellant.

Walter H. Hewicker for Appellant.

Mott, Vallee & Grant and Paul Vallee for Respondent.

CRAIL, J.—After rescinding an agreement to purchase real property for alleged failure of consideration, plaintiff brought this action for rescission and to recover the moneys paid by her under the contract. The appeal is from a judgment decreeing rescission and for the return of the money paid.

From the facts found by the trial court we summarize the following: In April, 1930, the parties hereto entered into an agreement for the sale by the defendant and the purchase by the plaintiff of a lot in a subdivision in Ventura County. The said agreement contains the following provision: "The seller agrees within a reasonable time after the purchaser's compliance with all the terms and conditions hereof, and the surrender of this agreement, to execute and deliver to the purchaser a good and sufficient deed. . . . " Plaintiff paid to the defendant all sums agreed to be paid by her under said contract and fully complied with all the terms and conditions thereof on her part to be performed. On the first day of May, 1933, when the final payment was made, and again on or about the first day of July, 1933, and again on or about the

first day of September, 1933, plaintiff tendered and offered to the defendant to surrender to said defendant her said agreement, and demanded her deed. Defendant did not deliver the deed on any of these occasions and had not done so on the fourteenth day of November, 1933, when the plaintiff elected to rescind said contract and gave notice of rescission to the defendant. The notice contained a statement that the consideration for the contract had wholly failed, an offer to restore everything of value which she had received under said contract and a demand for return of the moneys paid by her. The defendant did not nor did anyone in its behalf at any time tender or deliver to plaintiff any deed. Approximately six months elapsed after full compliance by plaintiff with all the terms and conditions of said contract before she rescinded the same. And the court held that six months is an unreasonable period of time for plaintiff to wait for performance on the part of defendant. The court also held against defendant's claim that plaintiff had acquiesced in the delays or that she was willing to have the execution and delivery of said deed deferred until the organization of a bondholders' committee, as claimed by defendant.

The alleged failure of consideration was the failure of defendant to deliver the deed and guarantee of title under the terms of the contract. ■ Plaintiff never did deliver her contract to the defendant, and appellant contends that plaintiff was not entitled to receive her deed until she had performed all of the terms and conditions of the contract on her part to be performed, including the surrender of her contract. The obligation on the part of the plaintiff to surrender her contract was concurrent with the obligation of the defendant to deliver the deed and guarantee of title.

■ In any event the trial court found it to be a fact that on three separate occasions plaintiff had tendered to the defendant her said contract. Her obligation to surrender her contract was extinguished by her offer to surrender it and defendant's refusal to accept. "The thing to be delivered, if any, need not in any case be actually produced, upon an offer of performance, unless the offer is accepted." (Civ. Code, sec. 1496.) Appellant could not legally and indefinitely avoid its obligation to deliver a deed by its refusal to accept the surrender of plaintiff's contract.

■ Appellant's second contention is that plaintiff acquiesced in defendant's delay in making a conveyance and thereby waived her right to demand the deed. Whether or not plaintiff acquiesced in the delays was a matter of fact which the trial court decided against the defendant. In its findings of fact the court expressly held that the plaintiff had not acquiesced in the delays and that she was not willing to have the execution and delivery of the deed deferred until the organization of the bondholders' committee, as claimed by the defendant.

■ Although the sufficiency of the evidence to support the judgment is not attacked, the briefs herein are devoted largely to discussions of the evidence, what inferences can be drawn therefrom, and what the facts are. This action is not triable *de novo* in this court on the evidence offered in the trial court as equitable actions are triable in appellate courts in some jurisdictions. The evidence conflicted sharply as to some of the facts but appellate courts in this state do not interfere with the findings on mere conflict of evidence. It is the province of the trial court to determine questions of fact and of the appellate court to review errors of law. "It is thoroughly settled in California that the mode of reviewing the action of a trial court upon an issue of fact is the same in cases formerly denominated cases at law and cases once called cases in equity." (2 Cal. Jur. 800, and cases cited.)

The judgment is affirmed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.