[Sac. No. 5008.  In Bank.—August 18, 1936.]

LOUIS MORESCO, Respondent, v. HENRY FOPPIANO, Appellant.

Nutter & Rutherford, D. R. Jacobs and Stephen Dietrich for Appellant.

Crittenden & Hench for Respondent.

SHENK, J.—The plaintiff sued to recover from the defendants certain sums paid under an oral contract for the purchase and sale of real property alleged to have been breached by the defendants, and other moneys expended for permanent improvements on the property. The plaintiff also sought to foreclose the purchaser's lien provided by section 3050 of the Civil Code. The defendants filed an answer, and defendant Foppiano, the owner of the real property, filed a cross-complaint praying for specific performance of the contract. The court found that the defendant Gianelli acted solely as agent for the defendant Foppiano, and that he thereby sustained no liability to the plaintiff. Judgment was rendered for the plaintiff against the defendant Foppiano alone for the sum of $5,386.93. It was adjudged that the plaintiff was entitled to a foreclosure of his purchaser's lien, and foreclosure was accordingly decreed. The defendant Foppiano, hereinafter referred to as the defendant, moved for a new trial. The court ordered the motion granted unless the plaintiff should remit $1,000 of the judgment as the reasonable value of the plaintiff's use and occupation of the premises. The plaintiff filed such remission and the motion for new trial was denied. The defendant appealed from the judgment.

The oral contract was entered into on March 1, 1932, for the sale by the defendant to the plaintiff of 62 acres of farm and orchard land in San Joaquin County. The plaintiff agreed to pay therefor the sum of $14,250, $1,000 at the time of the making of the contract, which was paid, and an additional cash payment of $2,250 at the time of the delivery of the deed. The plaintiff agreed, upon delivery of the deed, to execute and deliver to the defendant his note and a trust deed on the property to secure payment of the balance of the purchase price. The balance was to be made payable $2,000 at the end of the second year, and $2,000 at the end of each year thereafter unless there was a crop failure. At the end of the fifth year the entire balance remaining unpaid was to be due and payable.

On March 17, 1932, the plaintiff paid to the defendant the sum of $2,250, but the defendant did not deliver or offer to deliver a deed to the premises although the same was demanded. The plaintiff often requested of the defendant's agent delivery of the deed of conveyance, but was put off by promises of future delivery. The plaintiff went into possession of the property and farmed the land in 1932 and 1933. The court found that improvements of the value of $1,000 had been placed on the premises by the plaintiff before July 1, 1932. On July 1, 1933, he paid to the defendant $497.73 and on October 18, 1933, the further sum of $639.20. The plaintiff left the premises on December 15, 1933. On February 23, 1934, he served a notice of rescission and on February 28, 1934, he brought the present action.

The contention on this appeal is that there is insufficient evidence to support the findings of the court that the contract was not modified; that the defendant committed a wilful breach thereof by his failure to deliver the deed of conveyance as agreed; that the plaintiff did not definitely learn that the defendant did not intend to carry out the terms of the agreement until about November 1, 1933; that the plaintiff was not in default under the contract, did not waive the delivery of a deed by the defendant, and was not guilty of laches. There is no merit to the contention as to any of the findings. ▇ The evidence supports the conclusion that the plaintiff did not waive delivery of the deed by the payment of $2,250 on March 17, 1932, but that at that time and at subsequent times he demanded a deed of the defendant's agent. It appears that the defendant in February, 1932, entered into an exclusive agency contract with one Harper, concerning the property here involved, and as to which there was then some litigation or threat of litigation, and from which the defendant did not become released or consider himself released so as to be in position to deliver a deed to the plaintiff until one month after the present action was commenced. ▇ The questions whether the defendant committed a breach of his agreement to deliver the deed or whether there was a waiver by the plaintiff under the facts here presented were for the trial court to determine. (*Mercer* v. *Frank Meline Co.*, 8 Cal. App. (2d) 142 [47 Pac. (2d) 499]; *Goold* v. *Singh*, 88 Cal. App. 339, 343 [263 Pac. 548].) ▇ If the defendant was

in default for failure to deliver the deed on March 17, 1932, and for failure to comply with subsequent promises to make delivery thereof, he may not rightly contend that the plaintiff under the facts could himself be considered in default so as to preclude the recovery by him of moneys paid under the contract. ■ The defendant urges that the finding that he did not at any time in good faith intend to execute a deed to the property was not within the issues, because the action and rescission were not based on the fraud of the defendant. In this case such a finding was merely of a probative fact in support of the finding of the ultimate fact that the defendant committed a wilful breach of the contract, and has a distinct bearing on the issues whether the defendant breached the contract by his failure to convey or whether such failure or omission could in the final outcome be attributable to an understanding between the parties that the delivery of the deed was postponed, i. e., that the contract was modified, or the provision for delivery of the deed was waived by the plaintiff.

■ The defendant urges that the rescission by the plaintiff came too late, and that the plaintiff was guilty of laches in that respect and in bringing his action for relief nearly two years after the contract was claimed to have been breached by the defendant. If rescission in this case be deemed necessary to entitle the plaintiff to recovery of the amounts paid under the contract upon breach thereof by the vendor, we have the answer afforded by the case of *Hunt v. L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730]. In that case it was pointed out that delay in rescinding which is the result of indulgence granted to his defaulting adversary by the party entitled to rescind and which indulgence has the effect of momentarily lulling the latter into inactivity, will not be available as a defense to an action for rescission. (*Promis v. Duke,* 208 Cal. 420, 426 [281 Pac. 613].) It was also stated in the Hunt case that within what period a party must exercise his right to rescind is to be determined by the facts peculiar to each case. The question of laches is primarily one for the trial court. (*Shirreffs v. Alta Canyada Corp.,* 8 Cal. App. (2d) 742 [48 Pac. (2d) 55] ; *Long v. Los Altos Country Club, Inc.,* 122 Cal. App. 116, 120 [9 Pac. (2d) 600] ; *Dickey v. Dunn,* 80 Cal. App. 724, 728 [252 Pac. 770].) It cannot be said as a matter of law, that, considering the conduct of both

parties, the plaintiff delayed unduly in exercising any right that he had to consider the contract terminated by the breach of the defendant. ■ However, we think it was not necessary to give notice of rescission, or to ground the action thereon. Where a vendee is not in default, but the vendor refuses or neglects to convey, being under duty to do so, ''his default authorizes the vendee to treat the contract as at an end, and to recover the money which has been paid''. (*Chatfield* v. *Williams*, 85 Cal. 518, 521 [24 Pac. 839]; *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 10 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199].) In addition the vendee is entitled to a foreclosure of the lien afforded by section 3050 of the Civil Code. (*Lockie* v. *Cooperative Land Co.*, 207 Cal. 624, 628 [279 Pac. 428].)

■ The final contention to be noticed is that the order for remission of $1,000 of the judgment as the reasonable value of the use and occupation of the premises by the plaintiff is based on insufficient evidence. The defendant in this respect contends that the only conclusion to be drawn from the evidence is that the value of such use and occupation was at least the sum of $2,840. Considering, as a whole, the testimony of Gianelli, on which the defendant relies, it cannot be said that the court was bound to accept his estimates as to the value of the use and occupation of the land. We find nothing in the record which would justify a conclusion that the findings are not supported by the evidence; and no error appears in any ruling of the trial court.

No other points require discussion. The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.