[No. 15507.    Department One.—November 22, 1894.]

## CHARLES C. KNOX, APPELLANT, v. FRED MOSES ET AL., RESPONDENTS.

APPEAL—REVIEW OF EVIDENCE—TESTIMONY TAKEN IN OTHER CASES—SUBSTANTIAL CONFLICT.—The fact that an action was tried and submitted upon testimony taken in two other cases does not warrant the appellate court in taking an original view of the evidence introduced, and weighing and measuring it by the same standard and test that the trial court was required to apply, or as if the action arose in original proceedings in the supreme court; and the findings will not be disturbed in such case if there is a substantial conflict in the evidence.

FRAUDULENT CONVEYANCE—DEED OF GIFT TO WIFE OF DEBTOR—ABSENCE OF FRAUDULENT INTENT.—The law cannot pronounce a deed of gift from a husband to his wife to be fraudulent and void, as against the creditors of the husband, where the court finds as a fact that it was not made with fraudulent intent.

ID.—QUESTION OF FACT.—Courts and juries may declare a gift void as having been made with intent to defraud creditors as matter of fact, but in this state there are no conditions under which the law will or can pronounce the gift void as matter of law.

ID.—DEED FROM HUSBAND TO WIFE IN GOOD FAITH.—A finding that a deed from husband to wife was not made for the purpose of preventing his creditors from applying the same to the payment of his debts is not against the evidence, although it appears that his assets and liabilities were approximately equal, if the evidence shows that, at the time of the deed, he was a man of large affairs, and engaged in many business enterprises, and that his credit was then good, and that he continued to carry on vast business enterprises for three and one-half years subse-

quent to the transfer of the land to his wife, and that the land was of trifling value as compared to his vast assets, and that at the time of the transfer he was the owner of residence property of equal value with the property transferred, upon which he filed no homestead, and which finally passed to his creditors.

Appeal from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William B. Sharp*, and *S. C. Denson*, for Appellant.

The appellate court on this appeal should take an original view of the evidence introduced precisely the same, and to the same extent, as could be done by the trial court, and the evidence should be considered and weighed here exactly the same as if this were an original hearing. (*Wilson* v. *Cross*, 33 Cal. 69; *Lander* v. *Beers*, 48 Cal. 546; *Reynolds* v. *Snow*, 67 Cal. 499; *Tuller* v. *Arnold*, 93 Cal. 168.) Under the facts in this case the deed should be declared null and void, and the evidence of the grantor, as to his intent in making the deed, should not be considered as against the proven facts. (*Purkitt* v. *Polack*, 17 Cal. 332; *Burpee* v. *Bunn*, 22 Cal. 198; *Fitch* v. *Corbett*, 64 Cal. 151; *Judson* v. *Lyford*, 84 Cal. 505. See, also, *Griffin* v. *Blanchar*, 17 Cal. 71; *Dunham* v. *Waterman*, 17 N. Y. 9; 72 Am. Dec. 406; *Coleman* v. *Burr*, 93 N. Y. 17; 45 Am. Rep. 160; *Van Wyck* v. *Seward*, 18 Wend. 395; *Cunningham* v. *Freeborn*, 11 Wend. 253; *Carpenter* v. *Roe*, 10 N. Y. 227; *Collomb* v. *Caldwell*, 16 N. Y. 485; *Oliver Lee etc. Bank* v. *Talcott*, 19 N. Y. 148; *Erickson* v. *Quinn*, 47 N. Y. 413; *Jessep* v. *Hulse*, 29 Barb. 541; *Inglehart* v. *Thousand Island Hotel Co.*, 109 N. Y. 454; *Jenkins* v. *Clement*, 1 Harp. Eq. 72; 14 Am. Dec. 698; 24 Am. Law Reg., N. S., 498.)

*Chickering, Thomas & Gregory*, and *Garber, Boalt & Bishop*, for Respondents.

It was necessary for the plaintiff to show a fraudulent intent in Bray, at the time he made the conveyance to

his wife, in order to set aside the deed as a fraud upon creditors. (*Bull* v. *Bray*, 89 Cal. 286; *Windhaus* v. *Bootz*, 92 Cal. 622; *Haas* v. *Whittier*, 97 Cal. 411; *Clark* v. *Olsen* (Cal., June 3, 1893), 33 Pac. Rep. 274; *Kain* v. *Larkin*, 131 N. Y. 307; *Bishop* v: *Lord*, 83 Ind. 70.) The mere facts of insolvency and gift do not prove or constitute fraud or fraudulent intent under the facts of this case. (*Pulte* v. *Geller*, 47 Mich. 563. See, also, *Jackson* v. *Badger*, 109 N. Y. 632; *Meckley's Appeal*, 102 Pa. St. 536; *Howard Watch Co.* v. *Bedillion*, 131 Pa. St. 385; *In re Henkel*, 2 Saw. 305; *Stevens* v. *Robinson*, 72 Me. 381; *Jacoby* v. *Parkland etc. Co.*, 41 Minn. 227; *Martin* v. *Bowie*, 37 S. C. 102; *Curry* v. *Lloyd*, 22 Fed. Rep. 258.)

GAROUTTE, J.—This is an action of ejectment, and as a defense it is claimed that the realty involved is the separate property of respondent, Julia A. Bray.

Her title rests upon the validity of a deed given to her by Watson A. Bray, her husband and corespondent, August 3, 1881. It is here claimed that this transfer of the realty was void, upon the ground that it was made with intent to defraud Watson A. Bray's creditors, and the determination of the court as to the validity of this deed points the judgment in the case. The trial court by its findings of fact declared in favor of the deed, and those findings of fact are now assailed as unsupported by the evidence.

This action was tried and submitted upon testimony taken in two other cases, and it is now insisted that for such reason this court should take a first and original view of the evidence introduced, and weigh and measure it by the same standard and test that the trial court was required to apply. In other words, it is contended that the evidence should be examined and gauged the same as though the question here presented arose by an original proceeding pending in this court. This position of appellant is unsound. The court has declared the rule contrary to the principle sought to be invoked. (*Reay*

v. *Butler*, 95 Cal. 215; *Brown* v. *Campbell*, 100 Cal. 635;
38 Am. St. Rep. 314.)

The question still remains, Is there a substantial con-
flict in the evidence as to whether or not W. A. Bray
made this conveyance to his wife with intent to defraud
his creditors? Appellant's counsel say: "Assuming,
then, that Bray was insolvent and the deed was a gift,
the question arises, Does not the law pronounce the
gift fraudulent and void even as against Bray's denial
of a fraudulent intent? We say it does, notwithstand-
ing the provisions of the code that the fraudulent intent
is a question of fact." It was held in *Bull* v. *Bray*, 89
Cal. 286, in language plain and positive, that in this
state there are no conditions under which the law will
or can pronounce a gift void, as having been made with
intent to defraud creditors. Courts and juries may so
declare as matter of fact, but it cannot be so declared
as a matter of law. It is further stated in appellant's
brief that the case of *Bull* v. *Bray*, "simply decides a
question of practice in regard to findings." It is evi-
dent that the scope and effect of that decision is entirely
misunderstood by counsel, for a most important prin-
ciple of law is laid down in that decision; a principle
which will certainly maintain in this state as long as the
present legislation upon this question remains upon the
statute books. *Threlkel* v. *Scott* (Cal., Nov. 25, 1893), 34
Pac. Rep. 851, does not limit the effect of the principles
declared in *Bull* v. *Bray*, and in no way militates against
any thing there decided.

Did Watson A. Bray transfer this real estate to his
wife for the purpose of preventing his creditors from
applying the same to the payment of his debts? The
court found that the transfer was made with no such
purpose, and with that finding of fact we entirely con-
cur. Probably a finding to the contrary could not be
supported by this record. Let us note the salient facts.
At the time Bray made the deed to his wife he was a
man of large affairs, and engaged in many business
enterprises. His assets and liabilities each approxi-

mated seven hundred thousand dollars. He had numerous tracts of real estate in various localities, and personal property of almost every kind and character. His credit was good, as conclusively evidenced by the fact that he continued to carry on these vast business enterprises for three and one-half years subsequent to the transfer of this land to his wife. The land so transferred was of the value of about six thousand dollars, a trifling value as compared to his vast assets. At this time he was the owner of, and residing with his family upon, residence property of equal value with the property transferred, and upon this property he filed no homestead, but it finally passed to his creditors. To our minds these circumstances are amply sufficient to sustain the findings of fact bearing upon the honesty of Bray's intention in conveying this tract of land to his wife.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., did not participate in the order denying a hearing in Bank.