[S. F. No. 6007. Department Two.—March 16, 1912.]

In the Matter of the Estate of SUSANNAH MOORE, also called Susan A. Moore, etc., Deceased. MARGARET KANE and MARY HUNER, Respondents, PETER E. MOORE, Appellant.

ESTATES OF DECEASED PERSONS—DEGREES OF KINSHIP—SECOND COUSIN AND NEPHEWS AND NIECES NOT OF EQUAL KINSHIP.—Under section 1386, subdivision 5, and section 1393 of the Civil Code, a cousin once removed of a deceased person does not stand in the same degree of kinship as the nephews and nieces of the deceased, and is not entitled with them to succeed to the estate.

ID.—FINDING—EVIDENCE OF RELATIONSHIP.—The finding that the persons to whom the estate was distributed were the nieces of the deceased is held sustained by the evidence.

ID.—REVIEW OF EVIDENCE TAKEN BY DEPOSITION.—The appellate court will not review evidence embodied in depositions as triers of fact. The rule that such court will not disturb a finding based upon a conflict of evidence applies to evidence so taken.

APPEAL from a decree of the Superior Court of the City and County of San Francisco, distributing the estate of a deceased person. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Edward J. Parker, and J. L. Geary, Jr., for Appellant.

Felix H. Merzbach, and David Livingston Levy, for Respondents.

HENSHAW, J.—The petition of Margaret Kane and Mary Huner that the residue of the estate of Susannah Moore, deceased, be distributed to them in equal shares as the nieces and next of kin of deceased coming on to be heard, contest was instituted by appellant herein, Peter E. Moore, who it is stipulated is a second cousin of Susannah Moore, deceased. The court in probate found and decreed petitioners Margaret Kane and Mary Huner to be the nieces and next of kin of deceased and granted them distribution as prayed. Peter E. Moore appeals and contends that the evidence fails to establish the kinship of the respondents, and that even if it does so establish it, he is entitled as being of equal kindred to share in the distribution under the provisions of subdivision 5, of section 1386 of the Civil Code.

As to the evidence it is sufficient to say that notwithstanding certain inconsistencies and discrepancies in minor matters, it is abundant to sustain the determination of the court. Appellant insists that we should review this evidence as triers of fact because it was presented to the court in probate upon deposition and he argues that as the credibility of the witnesses is not involved when the testimony is given by deposition, the rule of this court that it will not disturb a finding based upon conflict of evidence does not obtain. But this rule is not

a court created rule and is not based upon the fact that the trial court or trial jury has had the witnesses before it. This fact is but one of the reasons for the existence of the rule which itself is created by the law. This court sits to review errors of law. It is powerless under its organization to make findings of fact. That power is vested exclusively in the trial court and every litigant has the right to insist that the verdict of the jury or the finding of the trial court, when based upon sufficient evidence, shall be absolutely controlling without interference or attempted interference by this court. It is only when the question is presented to this court as one of law under the contention that the evidence is insufficient to support the verdict or finding that this court will examine the evidence to this sole end, and when it is satisfied that substantial evidence exists to support the verdict or finding, its examination ceases at once. The matter is elaborately considered in *Reay* v. *Butler,* 95 Cal. 206, [30 Pac. 208], and nothing further should be necessary than a reference to that case and to such later cases as *Knox* v. *Moses,* 104 Cal. 502, [38 Pac. 318], and *Bradley* v. *Davis,* 156 Cal. 267, [104 Pac. 302].

Section 1386, subdivision 5, of the Civil Code, dealing with succession, reads as follows: "If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin, in equal degree, excepting that, when there are two or more collateral kindred, in equal degree, but claiming through different ancestors those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote." Section 1393 in exposition of the rule pronounced in section 1386 declares as follows: "In the collateral line the degrees are counted by generations, from one of the relations up to the common ancestor, and from the common ancestor to the other relations. In such computation the decedent is excluded, the relative included, and the ancestor counted but once. Thus, brothers are related in the second degree; uncle and nephew in the third degree; cousins german in the fourth, and so on."

We confess ourselves unable to follow the argument of the appellant by which he reaches the conclusion that a cousin of the deceased once removed stands in the same degree of kinship as the nephews and nieces of such deceased. How-

ever, the sections of the code above quoted afford a complete answer to and refutation of the argument.

Wherefore the decree appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.