[Civ. No. 2195. Second Appellate District, Division Two.—November 4, 1919.]

J. C. HOFFMAN, Respondent, v. E. R. GURNSEY, Appellant.

[1] ACCOUNTING—CONFLICTING EVIDENCE—FINDING—APPEAL. — Where in an action for an accounting the evidence is conflicting as to what the contract between the parties was, the finding of the trial court, based on plaintiff's version, is conclusive on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

John E. Daly and James H. Daly for Appellant.

Eugene C. Campbell for Respondent.

THOMAS, J.—This is an action for an accounting, and for judgment in the sum of $1,669.34. Judgment went in favor of plaintiff for the sum of $1,589.37. There was a motion for new trial which was denied. The appeal is from the order denying said motion and from the judgment so entered.

Appellant urges two points in support of his appeal: (1) Insufficiency of the evidence to support finding 1, "that the contract between the parties was that set out in paragraph 1 of the complaint"; and (2) that the judgment is in excess of that justified by the evidence. Neither of these points, we think, is well taken.

[1] First of all, there was conflict in the evidence as to what the contract between the parties was. The court accepted plaintiff's version. That question, therefore, is settled, so far as this court is concerned. (*Bradley* v. *Davis*, 156 Cal. 267, [104 Pac. 302]; *Knox* v. *Moses*, 104 Cal. 502, [38 Pac. 318]; *Brown* v. *Campbell*, 100 Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433].) According to the agreement under which the parties hereto worked together, plaintiff was to find a customer and defendant was to furnish the listings, the office, and the machine, and give plaintiff half of the profits made on the customers he brought in. That the plaintiff

brought in four customers, as alleged in the complaint, is true. That defendant did not carry out his part of the agreement, but concealed the facts as to what the profits actually were— notably so in the cases of the Barbour and Eberle transactions—is equally true. There is, we think, ample evidence to support the finding attacked.

This brings us to a consideration of the second point urged. This, in effect, is an attack on the third finding made by the court, wherein the court finds that in the Barbour-Hill deal the gross profit was six thousand dollars, that the gross expenses on same were $1,567.34, that the net profits were $4,232.66, and that plaintiff had received no more than $716.33 on that account. We think no good purpose can be served by a verbose statement of the facts or by setting out here lengthy quotations from the evidence to support our conclusion, and refrain from so doing. The judgment is amply supported by the findings, which, in turn, are supported by the evidence, and is, therefore, not excessive.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.