[S. F. No. 11429. In Bank.—December 20, 1927.]

## THOMAS HUNT, Respondent, v. L. M. FIELD, INC. (a Corporation), Appellant.

[1] APPEAL — FINDINGS — CONFLICTING EVIDENCE. — The rule is well settled that findings based upon substantially conflicting evidence may not be disturbed by an appellate court.

[2] FRAUD—EVIDENCE.—Fraudulent representations as to a material matter, by which a party is induced to enter into a contract to his damage, may be established by parol evidence; and this despite the fact that the written instrument purports to contain the entire agreement between the parties.

[3] ID.—CONTRACTS—RESCISSION—EXCUSABLE DELAY.—A delay in rescinding a contract on the ground of alleged false representations which is the result of indulgence shown to the party perpetrating the fraud should not be available as a defense to an action for rescission, for the defaulting party by his belated attempt to comply with the fraudulent representations has momentarily lulled his adversary into inactivity.

[4] ID.—RESCISSION—TIME FOR—RULE.—It is impossible to designate a definite period within which a party must exercise the right to rescind a contract on account of misrepresentations, for the facts peculiar to each case are determinative thereof, and whether the defrauded party has acted promptly is a question to be decided by the trial court upon the facts of the particular case.

[5] ID. — WAIVER OF RATIFICATION — KNOWLEDGE OF ONLY PART OF FACTS.—A waiver of right of rescission or ratification of a contract alleged to have been executed and induced by false representations, made with knowledge of only a part of the invalidating circumstances, does not preclude the party from seeking a cancellation of the contract on the basis of other circumstances.

[6] ID. — SALE — FALSE REPRESENTATION — RESCISSION — WAIVER.—A waiver of the right to rescind a contract for the purchase of a motor-truck by reason of false representations as to the mechani-

1. See 2 Cal. Jur. 921; 2 R. C. L. 194.

2. Fraud as exception to rule excluding parol evidence to vary written contract, note, 17 L. R. A. 272. See, also, 4 Cal. Jur. 772, 796; 10 R. C. L. 1058.

3. See 4 Cal. Jur. 805.

4. See 4 Cal. Jur. 801.

5. Waiver of fraud in general, note, 67 L. R. A. 705. See, also, 4 Cal. Jur. 803, 804.

cal condition of the truck did not in itself constitute a forfeiture of the right to rescind based upon the subsequent discovery of the falsity of representations touching a hauling job which it was represented would go with the purchase.

---

(1) 4 C. J., p. 884, n. 37.  (2) 22 C. J., p. 1290, n. 52.  (3) 35 Cyc., p. 154, n. 55.  (4) 35 Cyc., p. 152, n. 44.  (5) 35 Cyc., p. 143, n. 78.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Chamberlin for Appellant.

Walter McGovern and S. T. Hogevoll for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment rescinding and canceling a written contract. On February 28, 1922, and at divers times thereafter, the agents of the appellant company are alleged to have represented to the respondent, among other things, that said company had for sale a certain motor-truck and trailer; that said vehicles were in good mechanical condition and available for immediate delivery; that they carried with them a manufacturer's warranty as to their proper construction and freedom from mechanical imperfection; and that the purchaser of said vehicles would be employed, on April 1, 1922, and for approximately eight months each year for a period of five years thereafter, by the La Honda Mill Company to haul at a fixed compensation certain of its lumber to distributing points. In addition to the foregoing, the complaint avers that each and all of said representations were, to the appellant's knowledge and to the knowledge of its agents making the same, false and untrue and made solely for the purpose of defrauding the respondent and thereby inducing him to enter into and execute the written contract; that the respondent being ignorant of the falsity of said representations and in reliance thereon entered into said contract and paid the

---

6.  See 12 Cal. Jur. 834.

appellant thereunder the sum of one thousand dollars in part payment of the purchase price of said motor-truck and trailer; that respondent discovered the false character of said representations on April 14, 1922, and gave written notice of rescission to the appellant on April 29, 1922. A second cause of action for money had and received is also appropriately alleged in the complaint, the prayer of which asked that the contract be rescinded and canceled and that respondent be given judgment for the one thousand dollars theretofore paid thereunder. In its answer the appellant denied the material allegations of the complaint. The cause went to trial before the court with a jury sitting in an advisory capacity. A verdict was returned in favor of the respondent, whereupon the court made findings declaring all the allegations of the complaint to be true and those of the answer untrue. Upon these findings of fact judgment was entered as prayed for in the respondent's complaint.

In support of a reversal thereof it is urged by the appellant that the findings as to the making of the false representations by the appellant's agents and respondent's reliance thereon are without support in the record. It is also contended that the respondent by his conduct lost or waived any right to rescind the contract, if such right ever existed, by reason of the delay in exercising the same and because of his asserted election to affirm the contract at a time subsequent to his alleged discovery of the falsity of the representations inducing its execution.

An examination of the record leads us to conclude that there is ample evidence to sustain the findings complained of. It is true that the evidence adduced by the appellant conflicts in many material respects with that offered by the respondent. [1] The rule is well settled, however, that findings based upon substantially conflicting evidence may not be disturbed by an appellate court. (*Taber* v. *Beske,* 182 Cal. 214, 217 [187 Pac. 746]; *Blanc* v. *Connor,* 167 Cal. 719, 722 [141 Pac. 217]; *Estate of Moore,* 162 Cal. 324, 326 [122 Pac. 844]; *Still* v. *San Francisco & N. W. Ry. Co.,* 154 Cal. 559, 564 [129 Am. St. Rep. 177, 20 L. R. A. (N. S.) 322, 98 Pac. 672].) [2] It is equally well settled that fraudulent representations as to a material matter, by which a party is induced to enter into a contract to his damage

may be established by parol evidence. (*Newman* v. *Smith*, 77 Cal. 22, 25 [18 Pac. 791]; *Barfield* v. *Southside Irr. Co.*, 111 Cal. 118, 121 [43 Pac. 406]; 14 Am. & Eng. Ency. of Law, 199.) And this despite the fact that the written instrument purports to contain the entire agreement between the parties. (14 Am. & Eng. Ency. of Law, 199, sec. c.)

It merely remains to be determined, therefore, whether the respondent by unreasonable delay or by conduct asserted to evince an intention to affirm the contract has lost or forfeited his right of rescission. We have no quarrel with the principle advanced by the appellant to the effect that the exercise of such right may be foreclosed to a party as the result of unreasonable delay in asserting the same or by an affirmance of the contract at a time subsequent to the discovery of the falsity of the representations inducing its execution. The doctrine is well established in this state and citation of authorities in support thereof is unnecessary. We encounter difficulty, however, in applying said doctrine to the facts presented in the instant case. It appears that the contract sought to be avoided was executed on March 1, 1922. There is evidence to the effect that the appellant's agents had, prior to that time, agreed to give the motor-truck a "general overhauling" in order to make certain that it complied with the representations previously made as to its "good mechanical condition." Apparently acting upon this agreement the respondent, at a time subsequent to the execution of the written contract but prior to the delivery of the truck, requested and obtained of the appellant certain necessary repairs of the vehicle. While from this conduct it may be technically said that the respondent did not immediately exercise his right of rescission upon the discovery of the falsity of the representations touching the mechanical condition of the truck, yet, it is readily apparent that his delay in giving notice thereof was attributable not to any inexcusable neglect upon his part but rather to the indulgence extended to the appellant. [3] A delay in rescinding which is the result of such indulgence should not be available as a defense to an action for rescission for the defaulting party by his belated attempt to comply with the fraudulent representations has momentarily lulled his adversary into inactivity. (*Menefee* v. *Oxnam*, 42 Cal. App. 81, 94 [183 Pac.

379].) Moreover, it appears that delivery of the truck was not made until April 11, 1922. The respondent within twenty-four hours thereafter returned the vehicle to the appellant as being unsatisfactory and not as represented. Since that time the vehicle has remained in the appellant's possession. From this it can be seen that only two and one-half weeks were permitted to elapse between the date of delivery and the giving of written notice of rescission. [4] It would be impossible, of course, to designate a definite period within which a party must exercise the right to rescind for the facts peculiar to each case are determinative thereof. (4 Cal. Jur. 801.) Examination of the authorities discloses that it has been variously held that a delay of from two months to two years might, under certain circumstances, be excusable. (*Suhr* v. *Lauterbach,* 164 Cal. 591, 593, 594 [130 Pac. 2] ; *Davis* v. *Butler,* 154 Cal. 623 [98 Pac. 1047] ; *Matteson* v. *Wagoner,* 147 Cal. 739, 743 [82 Pac. 436] ; *Hill* v. *Wilson,* 88 Cal. 92, 97 [257 Pac. 1105].) In the case of *Davis* v. *Butler, supra,* it is declared that ''Whether the defrauded party has acted promptly (Civ. Code, sec. 1691) is a question to be decided by the trial court upon the facts of the particular case, and there were here no circumstances requiring the court to find that the delay had been unreasonable.'' We are not prepared to say, therefore, that the respondent herein, under the circumstances above narrated, unreasonably delayed his election to rescind. Nor are we prepared to declare that respondent's conduct in the premises has been such as to constitute an affirmance of the contract and a waiver of the right of rescission. [5] But, even if this were true as regards the defective mechanical condition of the truck, it would avail the appellant nothing for a waiver or ratification made with knowledge of only a part of the invalidating circumstances does not preclude a party from seeking a cancellation of the contract on the basis of other circumstances. (*Willey* v. *Clements,* 146 Cal. 91, 99 [79 Pac. 850].) In other words, we are of the opinion that a waiver of the right to rescind upon the ground of the falsity of the representations touching the mechanical condition of the truck would not, of itself, result in a waiver of the right to rescind for the falsity of the representations as to the hauling job asserted to accompany the purchase of said truck. That

202 Cal.—45

these latter representations were material and an inducing element in the execution of the contract is apparent from the record. Their falsity is likewise established therein. The evidence discloses that respondent did not discover the falsity of said representations until a time subsequent to his requested repair of the truck. In this connection he testified in part that at the time the repairs were requested he "firmly believed the job was good and they would have the job. And later on it turned out there was no job." Respondent also testified that the appellant's agents upon several occasions informed him that they would "force" the La Honda Mill Company to furnish the hauling job. [6] From this it is readily apparent that a waiver of the right to rescind for the false representations as to the mechanical condition of the truck would not, in and of itself, constitute a forfeiture of the right to rescind based upon the subsequent discovery of the falsity of the representations touching the hauling job. The case of *Scott* v. *Delta Land Co.*, 57 Cal. App. 320, 324 [207 Pac. 389], is authority for the principle that a judgment of rescission may be sustained upon evidence supporting any one material misrepresentation.

For the foregoing reasons the judgment is affirmed.

Rehearing denied.

All the Justices concurred.