[Civ. No. 8180.  First Appellate District, Division One.—March 24, 1932.]

FREDERICK  LONG,  Respondent,  v.  LOS  ALTOS COUNTRY CLUB, INC. (a Corporation), Appellant.

Hankins & Hankins for Appellant.

Joseph A. Garry for Respondent.

THE COURT.—This action is for the rescission of a certain contract of sale on the ground of fraudulent representations. Judgment went for plaintiff and against the defendant noted in the caption as appellant. The defendant Rhodimer defaulted, and nonsuit was entered as to the nonappealing defendants. By the decree of the court below the contract was rescinded and plaintiff awarded judgment for the return of the moneys paid thereunder. The appeal is based on three main grounds, viz., insufficiency of the evidence, errors in the admission of testimony and laches of plaintiff.

The attack upon the sufficiency of the evidence necessitates a brief summary of the facts. Disregarding conflicts, there was sufficient before the court to support the ensuing narration of the transaction. Plaintiff, a physician and surgeon, had for some period of time known defendant Rhodimer, a real estate salesman in the employ of defendant Monroe, Lyon & Miller, Inc., the latter being selling

agents as well as officers and directors of appellant. The relations of plaintiff and Rhodimer were those of close friends and neighbors, and Rhodimer was always endeavoring to interest plaintiff in the property of appellant, which was conducting a large real estate selling campaign. After some persuasion, plaintiff did become interested and visited the properties offered for sale. Eventually a contract of sale was entered into, induced solely by the representations made by the agent. It was represented that another well-known man had but recently purchased a lot adjacent to that offered to plaintiff and had almost immediately resold at a great profit. It was represented that a prominent banker had purchased twenty lots right opposite the same property and was ready to begin the construction of a twenty thousand dollar home. Further, it was represented to plaintiff that if he entered into the contract of purchase which called for a total payment of $5,000, payable $1,000 down and $100 per month, he would not be required to make more than one or two monthly payments for the reason that defendant could and would, within sixty days, resell the property at an advance of $10,000, thus securing for the purchaser a profit of some magnitude. These representations and each of them were false and fraudulent, made for the purpose of inducing plaintiff to enter into the contract. The falsity and fraud of these representations were known to defendant and not known to plaintiff and were the inducing means without which plaintiff would not have made the contract. Appellant argues that the promise to resell was something of an estimate of value and also a promise to do something in the future, and therefore could not be the basis of an action for rescission, inasmuch as no present fraud had been perpetrated. We need not analyze these contentions for the reason that the other representations found to be fraudulent will suffice to support the judgment.

It is well settled that the misrepresentations of even a single material fact upon which plaintiff had a right to and did rely will suffice to support plaintiff's cause of action. (*Harris* v. *Miller*, 196 Cal. 8–16 [235 Pac. 981], and cases therein cited.)

It cannot be gainsaid that there is a material difference between property isolated and uninhabited and property much sought and improved, and common experience

has shown that a sale otherwise impossible can be easily induced by a showing of the success of the project and its continuing advancement and improvement. And, incidentally, attention may be called to the case of *Palladine* v. *Imperial ·Valley F. L. Assn.,* 65 Cal. App. 727, 748 [225 Pac. 291, 300], wherein the court quotes approvingly from the case of *Haven* v. *Neal,* 43 Minn. 315 [45 N. W. 612], as follows: "When representations which are matter of opinion and not of fact 'are made in connection with others which are material as tending to establish the plaintiff's case, they should not be ruled out, but the entire statement should be received and considered together'." Appellant persuasively argues that the whole case must and does center around the promise to resell. However, we have the trial court's specific finding, amply supported, that the plaintiff believed to be true each and all of the representations and so believing did rely upon the same, and in such reliance agreed to purchase the property. This finding, taken with the remaining findings of falsity and intent, amply supports the judgment. Indeed, it might well be that the other representations did ·induce plaintiff to believe that a resale could be effected and if we concede that perhaps he would not have entered into the contract unless upon the hope of profit, it was those other representations that served to instill the hope. Enough has appeared to demonstrate that the sale was induced by highly stimulated means, unfair in fact and in principle, and no sophistry should serve to gloss the appearances in order to make the "worse the better reason".

The contention of appellant that oral evidence was inadmissible to vary the terms of a written contract finds its answer in the following cases, among many of like holding: *Hunt* v. *L. M. Field, Inc.,* 202 Cal. 701 [262 Pac. 730]; *Palladine* v. *Imperial Valley F. L. Assn., supra,* pp. 727–747. The recognized rule of these authorities is that fraud may always be shown, regardless of the wording of the instrument, upon the theory that a chain can be no stronger than its weakest link, and that if the parol evidence rules .should effectually bar proof of fraudulent representations, the maxim that fraud vitiates everything would become the exception rather than the rule. The one excep-

tion seems to be in cases of fraudulent representations by an agent whose limited authority was made to appear from the contract. The instant case is not within this exception.

Another point is urged on the question of the agency of the person negotiating the sale and his authority to bind the defendant. Conceding a conflict of evidence on this question, the ruling was against appellant's contention and is amply supported.

■ Lastly, we have the question of laches. It is the rule that one seeking a rescission must act promptly and will not be permitted to speculate upon the fraud. Yet, laches is always a question of fact, as is estoppel. To accurately and fairly determine the diligence of the party rescinding, every fact and circumstance illustrating his actions should be considered, and after such consideration by the trial court, a reviewing court is loath to disturb the holding if reasonably supported. (*Hunt* v. *L. M. Field, Inc., supra,* at p. 705.) ■ The contract in this case was executed on September 23, 1925. On October 10, 1925, plaintiff departed for Europe and remained away from California until March 7, 1926. Notice of rescission was given on June 26, 1926, being about three months after his return. In the meantime plaintiff was not idle or quiescent. Almost coincident with his return he began to insist upon a fulfillment of the promises made and assurances given. A six months' moratorium in payments was granted him, a hearing was had by the real estate commissioner, reassuring promises were given and by the conduct of appellant, plaintiff was lulled into an expectation of a complete realization of his hopes. In *Hunt* v. *L. M. Field, Inc., supra,* it is said: "While from this conduct it may be technically said that the respondent did not immediately exercise his right of rescission upon the discovery of the falsity of the representations . . . yet, it is readily apparent that his delay in giving notice thereof was attributable not to any inexcusable neglect upon his part, but rather to the indulgence extended to the appellant. A delay in rescinding which is the result of such indulgence should not be available as a defense to an action for rescission for the defaulting party by his belated attempt to comply with the fraudulent representations has momentarily lulled his adversary into inactivity."

■ The defense of laches bears kinship to estoppel. Both are characteristic of equity. And, speaking generally, in applying the rules to given facts a court will consider the equities present, the wrong to be prevented and the rights to be secured. The appellant has retained the moneys paid by plaintiff and has resold the property at a price in excess of the price at which plaintiff agreed to buy. No hardship is claimed to result to it, but it stands upon a strict claim of default and forfeiture under the terms of a contract found to have been procured by fraud. Surely it can expect no liberal application of equitable remedies to aid in its enrichment.

Judgment is affirmed.