[Sac. No. 5429. In Bank.—February 17, 1941.]

CHARLES DONALD MARLOW et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Harry N. Dyke for Petitioners.

J. H. O'Connor, County Counsel, J. F. Moroney, Deputy County Counsel, Salisbury, Robinson & Himrod, Faries & McDowell, Bailie, Turner & Lake, Freston & Files, Wayne R. Hackett and Charles A. Loring for Respondent.

CARTER, J.—A writ of *certiorari* was granted by this court to consider another problem arising out of the heirship proceeding in the estate of Michael F. O'Dea, deceased. Respondent demurred to the petition and moved to dismiss the writ. The facts regarding the estate and the heirship proceeding generally are fully set out in *Estate of O'Dea*, 15 Cal. (2d) 637 [104 Pac. (2d) 368], and *O'Day* v. *Superior Court*, *(Cal.) [108 Pac. (2d) 889] (rehearing granted) and need not be related in any detail here.

The pertinent facts necessary to reach a decision in the instant case are as follows: The petitioners here filed a statement of heirship on March 21, 1940. Previous to this date, *viz.*, on July 25, 1939, the superior court, in the Estate of O'Dea, had made an order of default against " . . . all claimants who have not at this date appeared or entered petitions to determine heirship . . . " On April 15, 1940, a motion to strike petitioners' statement of heirship was granted. On July 22, 1940, petitioners' motion to set aside the default above referred to and for permission to file a petition to determine heirship was denied by the superior court. Petitioners now, on writ of *certiorari*, ask this court to set aside the default entered against them.

The petitioners' statement of heirship, as disclosed by the record herein, shows that they are claiming as children of one Elizabeth O'Day Marlow, deceased, who, in turn, was the daughter of one Michael O'Day, deceased. This Michael O'Day was the uncle of Michael F. O'Day, deceased, whose estate is now being administered in Los Angeles County. It is also shown on the face of petitioners' statement of heirship that two children of Michael O'Day, the uncle of petitioners, *viz.*, Henry J. O'Day and Genevieve O'Day Jensen, are still living. From the "Genealogical Tree" attached to the petition or statement of heirship it is also shown that

*REPORTER'S NOTE: In O'Day v. Superior Court, a rehearing was granted on February 3, 1941.

Michael F. O'Dea, deceased, left neither issue, spouse, parent, brother, sister nor descendant of a deceased brother or sister. Therefore, any claim of heirship made by petitioners, if their allegations are true, would necessarily fall under section 226 of the Probate Code. That section provides, in part, that " . . . the estate goes to the next of kin in equal degree, excepting that, when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote." But under the phrase "next of kin in equal degree, . . . " as defined by section 253 of the Probate Code and as interpreted by the cases of *Estate of Nigro,* 172 Cal. 474 [156 Pac. 1019] and *Estate of Moore,* 162 Cal. 324 [122 Pac. 844], Henry J. O'Day and Genevieve O'Day Jensen, as first cousins of Michael F. O'Dea, deceased, would take to the exclusion of petitioners. It is true that the above cited cases interpreted subdivision 5 of Civil Code, section 1386, which has since been reenacted as Probate Code, section 226 and the phrase "nor descendant of a deceased brother or sister, . . . " has been added. But that addition does not affect the interpretation as applied to the instant case because there are no descendants of deceased brother or sister involved here. The situation here is identical with *Estate of Moore,* *supra,* which held that a cousin was excluded by living nephews and nieces, with the exception that here the relationship of all parties is more remote.

Section 1069 of the Code of Civil Procedure provides that only a person beneficially interested may petition for a writ of *certiorari.* From the above discussion it may be seen that, even if all petitioners' allegations are true, they have no beneficial interest in the Estate of Michael F. O'Dea, deceased. This being true the motion to dismiss this petition for writ of *certiorari* must be granted. (*Ashe* v. *Board of Supervisors,* 71 Cal. 236 [16 Pac. 783].)

The motion to dismiss is granted and the proceeding dismissed.

Curtis, J., Shenk, J., Edmonds, J., Traynor, J., and Gibson, C. J., concurred.