[Civ. No. 16476.   Second Dist., Div. One.   Mar. 8, 1949.]

FREDERICH MILLER et al., Respondents, v. JOSEPH EISENBERG, Appellant.

Harry M. Umann for Appellant.

No appearance for Respondents.

WHITE, J.—Plaintiffs and respondents recovered judgment in an action for rescission of a contract whereby they purchased from defendant and appellant, for $3,000, the business known as "Joe's Coffee Bar" on West Third Street in the city of Los Angeles. The trial court found that during the negotiations the defendant falsely represented that he was grossing between $50 and $75 per day, which representation was relied on by plaintiffs. It was adjudged that plaintiffs recover the sum of $2,100 paid by them on account of the purchase price and that the note and chattel mortgage given by them for the balance be declared null and void.

On December 12, 1946, plaintiffs paid defendant the sum of $1,300 outside of escrow and deposited in escrow $800 and their note and chattel mortgage to secure the balance of the purchase price. Plaintiffs took possession of the business on December 13, and thereafter operated it. The escrow was closed on December 24. Plaintiffs gave notice of rescission on February 19, 1947.

Appellant contends (1) that the court erred in finding that defendant made false representations or that the plaintiffs relied thereon, in that the testimony clearly showed that plaintiffs made an independent investigation and were in possession of the business for approximately 12 days before closing the escrow and continued in business for approximately two months before giving notice of rescission; (2) that the court erred in not finding that plaintiffs had made an independent investigation or had an opportunity to do so, and therefore were not entitled to rely upon any representations where they knew the true facts to be otherwise and had an opportunity to rescind before close of escrow, in that the evidence disclosed

that plaintiffs did not rely upon any representations after the first day they were in possession of the premises; (3) that the court erred "in determining that plaintiffs sustained damages in the amount of $3,000.00 in that under no view of the evidence is such a figure justifiable and the same rests entirely on speculation."

The record contains substantial evidence to support the finding that the representations were made and that they were false. Appellant's position appears to be that respondents, being in possession of the business on and after December 13, 1946, had the opportunity and duty to investigate the truth or falsity of the representations; that although the daily receipts were not up to their expectations they nevertheless permitted the escrow to be consummated and did not give notice of rescission until February 19. Appellant further directs attention to testimony by plaintiffs that they did not rely upon the statements of defendant at any time after they had taken possession of the business, but the record is replete with testimony that in purchasing the business they "depended on his statement on the strength that I bought the place."

Appellant's position cannot be sustained. From our examination of the record, we conclude that the question of whether plaintiffs made or should have made an independent investigation is not involved herein. There is substantial testimony that the plaintiffs entered into the sale in reliance upon defendant's representations. They were entitled to so rely and were not obliged to make an independent investigation. When they took possession, operated the business and discovered that their receipts were below expectations, they had already paid out $2,100 in reliance upon the representations and had virtually fulfilled all the terms of the agreement by them to be performed.

The sole question presented, so far as discovery of the fraud is concerned, is whether the plaintiffs, under all the circumstances, rescinded promptly and were not guilty of laches. There is testimony that when, shortly after taking over the business they found that their daily receipts were not as high as they had been led to anticipate, plaintiffs nevertheless advised that they should "give it a fair trial," and when, after about a month, the receipts were still disappointing, they conferred and decided to "give it a little try more." It cannot be held that, as a matter of law, plaintiffs were required to stop the escrow and immediately rescind because

during the first two weeks of operation their suspicions might have been aroused. Under the evidence there was presented a question of fact for the trial court as to whether or not, considering all the circumstances, the plaintiffs rescinded promptly and were not guilty of laches. While it is the rule that one seeking a rescission must act promptly and will not be permitted to speculate upon the fraud, yet laches is always a question of fact. To accurately and fairly determine the diligence of the party rescinding, every fact and circumstance illustrating his actions should be considered, and after such consideration by the trial court, a reviewing court is loath to disturb the holding if reasonably supported. (*Long* v. *Los Altos Country Club, Inc.*, 122 Cal.App. 116, 120 [9 P.2d 600]; *Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701, 704 [262 P. 730]; *Fabian* v. *Alphonzo E. Bell Corp.*, 55 Cal.App.2d 413, 415 [130 P.2d 779].)

Appellant's third point is without merit, since if plaintiffs were entitled to recover at all, they were entitled to the return of the money they had paid and the cancellation of the note and chattel mortgage.

The judgment is affirmed.

Doran, Acting P. J., concurred.