[No. E017682. Fourth Dist., Div. Two. Apr. 8, 1997.]

Estate of DORIS C. McCRARY, Deceased.
HELEN L. CARNAHAN, as Executor, etc., Petitioner and Respondent, v.
STANTON M. ALWARD et al., Objectors and Appellants;
ELIZABETH S. JOCHIM, Claimant and Respondent.

## Counsel

Wilson, Borror, Dunn & Davis and Caywood J. Borror for Objectors and Appellants.

No appearance for Petitioner and Respondent.

Hinojosa & Khougaz and Lynard C. Hinojosa for Claimant and Respondent.

## Opinion

**WARD, J.**—Objectors Stanton M. Alward, Charles Cliston Alward, Leston Linton Alward, and John Q. Alward (the Alwards) appeal from the order for final distribution of the estate of decedent Doris C. McCrary. The Alwards contend they are the only relatives of the decedent entitled to inherit her estate under the statutes governing intestacy; however, the trial court awarded 14/18ths of the estate to more remote relatives, who, the Alwards contend, were not entitled to anything. We disagree with the Alwards' interpretation of the controlling statutes, and we affirm.

## FACTS

Doris C. McCrary died intestate on June 28, 1994.[1] She was not survived by any children, parents, siblings, grandparents, aunts or uncles. The Alwards were maternal first cousins of decedent. The decedent had also had 14 paternal first cousins, all of whom had predeceased her.

· The trial court distributed 4/18ths of the residue of decedent's estate to the Alwards and 14/18ths of the residue of the estate to 67 relatives of the decedent who were issue of the 14 deceased paternal first cousins. The Alwards objected to the distribution, filed points and authorities in opposition to the distribution, and moved to vacate the judgment. These measures were unsuccessful, and the present appeal ensued.

## DISCUSSION

*Standard of Review.*

This appeal involves a pure question of law; thus, the trial court's determination is reviewable de novo. (*Estate of Coate* (1979) 98 Cal.App.3d 982, 986 [159 Cal.Rptr. 794].)

*Laws Governing Intestate Succession.*

■ The right to succession is defined by statute. (*Estate of Knutzen* (1948) 31 Cal.2d 573, 578 [191 P.2d 747].) Courts are without power to change the statutory rules governing the law of succession. (*Estate of Berk* (1961) 196 Cal.App.2d 278, 288 [16 Cal.Rptr. 492].)

Probate Code[2] section 6400[3] et seq. define those who are entitled to inherit from an intestate decedent. Section 6402, subdivision (d), which applies to the present case, provides, "If there is no surviving issue, parent, or issue of a parent but the decedent is survived by one or more grandparents or issue of grandparents, to the grandparent or grandparents equally, or to the issue of such grandparents if there is no surviving grandparent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240."

Section 240 determines how the estate shall be distributed among those defined as heirs under section 6402, subdivision (d). Section 240 states, "If

---

[1]Decedent's husband died more than five years but less than fifteen years before decedent; thus, his heirs were entitled to one-half the proceeds from the sale of real property. (Prob. Code, § 6402.5, subd. (a).) The Alwards do not dispute this portion of the order of distribution.

[2]All further statutory references are to the Probate Code unless otherwise indicated.

[3]Section 6400 states, "Any part of the estate of a decedent not effectively disposed of by will passes to the decedent's heirs as prescribed in this part."

a statute calls for property to be distributed or taken in the manner provided in this section, the property shall be divided into as many equal shares as there are living members of the nearest generation of issue then living and deceased members of that generation who leave issue then living, each living member of the nearest generation of issue then living receiving one share and the share of each deceased member of that generation who leaves issue then living being divided in the same manner among his or her then living issue."

Section 50 defines " '[i]ssue' of a person" as being "all his or her lineal descendants" of all generations.

*Distribution of Residue of Estate.*

██ The probate court found that all of decedent's first cousins were from a generation that had some living member, and thus the court made distribution to the issue of the deceased paternal first cousins as well as to the living maternal first cousins.

The Alwards argue that they, as the four living maternal first cousins of decedent, are the "nearest generation of issue then living" from any of decedent's grandparents, and accordingly, they are the sole heirs of the estate. Citing section 50, the Alwards contend a "generation of issue," as the term is used in section 240, must come from a single common ancestor. They note that the Law Revision Commission Comment to section 245 states, "Under Section 240, if the first generation of issue of the deceased ancestor are themselves all deceased, the initial division of the property is not made at that generation, but is instead made at the first descending generation of issue having at least one living member." (Cal. Law Revision Com. com., 52 West's Ann. Prob. Code, § 245 (1990) p. 153.) They contend that the 14 paternal first cousins of decedent were of a different "generation of issue" because they were descendants of a different grandparent. Thus, they contend, because those 14 paternal first cousins all predeceased decedent, their issue cannot be the "nearest generation of issue then living" under section 240.

The Alwards' reading of section 50 is strained. Importing the definition of a generation of issue under section 50 into the language of section 240, which in turn governs distribution among heirs of unequal degree under section 6402, subdivision (d) deprives the phrase "issue of grandparents" in section 6402, subdivision (d) of any meaning. Section 20 recognizes that when the context so requires, a word or phrase used in a particular section may be given a meaning different from the statutory definitions in section 20 et seq. In this instance, so as to give meaning to the use of the plural form in the phrase "issue of grandparents" in section 6402, subdivision (d) we reject the Alwards' construction of section 50.

In *Estate of Hawkins* (1987) 194 Cal.App.3d 102 [239 Cal.Rptr. 464], the trial court interpreted the phrase "nearest generation of issue then living" to include both paternal and maternal first cousins. In that case, the probate court distributed one-eighth of the residue of an intestate decedent's estate to each of six maternal first cousins and one paternal first cousin and one-sixteenth of the residue to each of the two children of a deceased maternal first cousin. (*Id.* at p. 104.) One of the first cousins objected to the distribution to the children of the deceased first cousin. However, the appellate court affirmed the distribution, explaining, "Because a person's 'issue' means 'all his or her *lineal descendants of all generations*' (Prob. Code, § 50), respondents are the issue of decedent's maternal grandparents under Probate Code section 6402, subdivision (d) and are entitled to share in decedent's estate even though they are related to her in a more remote degree than her seven first cousins. This conclusion is clearly mandated by the plain language of Probate Code sections 50 and 6402, subdivision (d). [¶] At the time of decedent's death, Probate Code section 6402, subdivision (d) in pertinent part stated that issue of grandparents are to 'tak[e] equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation,' and Probate Code section 240 provided 'If representation is called for by this code, . . . the property shall be divided into as many equal shares as there are living members of the nearest generation of issue then living and deceased members of that generation who leave issue then living, each living member of the nearest generation of issue then living receiving one share and the share of each deceased member of that generation who leaves issue then living being divided in the same manner among his or her then living issue. . . . [¶] In accordance with Probate Code section 240, the trial court properly distributed one-eighth of the residue of decedent's estate to each of decedent's seven first cousins— the living members of the nearest generation of issue—and one-sixteenth of the residue of decedent's estate to each respondent—the living issue of the deceased member of the nearest generation. Respondents were entitled by right of representation to share that portion of decedent's estate (one-eighth thereof) that their deceased mother . . . would have inherited had she not predeceased decedent." (*Id.* at p. 107, fn. omitted.)

Although *Hawkins* is not precisely on point, because in that case, the generation of living first cousins included maternal and paternal relatives, nevertheless, the principles of *Hawkins* apply equally to the present case. Section 6402 defines who is entitled to inherit from an intestate decedent. Under section 6402, subdivision (d), the estate must be distributed among "the issue of . . . grandparents." (Italics added.) Section 240 merely controls how the estate will be distributed among those defined as intestate heirs in section 6402, subdivision (d), but does not enlarge or decrease that group.

The flaw in the Alwards' position is that they seek to find rules of succession, rather than rules of distribution, in section 240.

The Alwards argue that *Hawkins* is distinguishable because when it was decided, section 6402, subdivision (d) declared that remoter relatives take by representation rather than under section 240. However, the Law Revision Commission Comment to section 6402 states, "The 1985 amendment substituted the references to Section 240 for the former references to taking 'by representation.' *This change is nonsubstantive.*" (Cal. Law Revision Com. com., 53 West's Ann. Prob. Code, § 6402 (1990) pp. 477-478, italics added.) Thus, although the words of the statute may have changed, the *Hawkins* court applied the same rule that governs the present case.

We note that in other situations, the Legislature has adopted rules similar to the one the Alwards advocate. In *Marlow* v. *Superior Court* (1941) 17 Cal.2d 393 [110 P.2d 11], the court held that under former section 226 the children of a deceased cousin of the decedent were excluded from inheriting by living cousins of the decedent. Former section 226 provided, "If the decedent leaves neither issue, spouse, parent, brother, sister, nor descendant of a deceased brother or sister, the estate goes to the next of kin in equal degree, . . ." The *Marlow* court stated, "under the phrase 'next of kin in equal degree, . . .' as defined by section 253 of the Probate Code and as interpreted by the cases of *Estate of Nigro*, 172 Cal. 474 [156 Pac. 1019] and *Estate of Moore*, 162 Cal. 324 [122 Pac. 844], [the] first cousins of [decedent] would take to the exclusion of petitioners." (*Marlow, supra*, at p. 395.)

Thus, had the Legislature intended the result the Alwards wish for, the Legislature knew how to reach such a result simply and directly. It did not do so in enacting section 6402, subdivision (d), even when that section is considered in conjunction with sections 240 and 50.

We find no error, and we affirm.

DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.